# WILLIS STONE
## *v.*
## COLEMAN SMOOT.

1. CROSS-BILL—*when necessary.* Affirmative relief cannot be granted to a defendant in chancery, except upon a cross-bill filed for that purpose. Where the defendant simply files his answer, upon a dismissal of the original bill no further decree can be entered except for the costs.

2. So where a party exhibited his bill in chancery to enjoin the prosecution of an action of ejectment which had been commenced against him, and the defendant only answered the bill, without filing a cross-bill, it was held to be error, on dismissing the original bill, to decree that the complainant should surrender the premises to the defendant, for the reason, among others, that such specific relief could not be granted to the defendant, except upon cross-bill.

3. NOTICE *to creditors of a sale of the land of the debtor — what constitutes.* A vendor of land executed a title bond to his vendee, but the bond remained unrecorded and the vendor retained possession until a judgment was obtained against him by one of his creditors. On the day after the service of the summons in the suit in which the judgment was recovered, which was subsequent to the sale of the land, the vendor informed the creditor of the sale, and told him who was the purchaser, offering to pay him his debt in notes, among them one of those given for a part of the purchase-money of the land, which was refused. This information to the creditor was held to be such notice to him of the sale of the land as would protect the prior purchaser against any title which the creditor could acquire under his judgment subsequently recovered against the vendor.

WRIT OF ERROR to the Circuit Court of Menard county; the Hon. JAMES HARRIOTT, Judge, presiding.

This was a suit in chancery instituted in the court below by Willis Stone against Coleman Smoot, for the purpose of enjoining the further prosecution of an action of ejectment commenced by the latter against the former.

The defendant answered the bill, a replication was filed, and, on the hearing, the bill was dismissed and a decree entered requiring the complainant to surrender the premises to the defendant.

The complainant thereupon sued out this writ of error.

The facts of the case, as developed by the pleadings and proofs, will be found in the opinion of the Court.

Mr. William H. Herndon, for the plaintiff in error.

Messrs. Stuart, Edwards & Brown, for the defendant in error.

. Mr. Chief Justice Walker delivered the opinion of the Court:

It appears from the pleadings and evidence in this case that the land in controversy was sold by Baker to plaintiff in error on the fifth day of May, 1857; and a bond was given for a conveyance, on the payment of the purchase-money. The consideration for the sale of the land was three thousand dollars, of which sum two thousand two hundred and three dollars was paid at the time; and the remainder was to be paid in two equal installments; one on the 25th of December, 1858, and the other on the 25th of December, 1859. The remaining portion of the purchase-money was paid, and Baker executed a deed to plaintiff in error, on the 28th day of November, 1862. That Baker was indebted to defendant in error, and on the 18th day of May, 1857, he recovered several judgments against Baker and other persons jointly sued with him, in the Menard Circuit Court. Executions were afterward issued on these judgments, and the lands in controversy were sold by the sheriff, and defendant in error became the purchaser. The land not having been redeemed, he received a sheriff's deed for the same.

It also appears, that at the time these judgments were recovered, Baker still remained in possession of the premises. Nor· was the title bond given by Baker to plaintiff in error, at that time, recorded. But it does appear that when the sheriff served Baker with process, he informed the sheriff that he had sold the land to plaintiff in error. That on the next day Baker saw defendant in error, and informed him of the sale, and offered to pay him if he would receive promissory notes, among which he offered him one of the notes on plaintiff in error, but they were refused.

After receiving his deed from the sheriff, defendant in error instituted an action of ejectment, for the recovery of the lands. To restrain a recovery in that suit this bill was filed. A temporary injunction was granted, but, on the final hearing, the court below dissolved the injunction, dismissed the bill, and rendered a decree that plaintiff in error surrender possession of the premises to defendant in error. To reverse that decree, plaintiff below prosecutes this writ of error.

When the court below dismissed the bill, the case was at an end in that court. The defendant only having answered the bill, and failing to file a cross-bill, it was manifestly wrong to decree specific relief to the defendant. When the bill was dismissed nothing remained upon which the court could act except to render a decree for costs. A decree requiring complainant to surrender possession, was, in the absence of a cross-bill, no more authorized than to have rendered such a decree on a motion entered by defendant for such relief. This being affirmative relief, it could not have been properly granted except on a bill filed for the purpose of obtaining it, either as an original or as a cross-bill. This decree must therefore be reversed.

We will, however, as the case must be remanded, consider the principal question discussed on the hearing. Did defendant in error have such notice as protected plaintiff in error from his sale under the execution against Baker? The bill waives an answer under oath, and hence it required but the evidence of one witness to overcome the denials contained in the answer. Baker was released from any interest he might have had in the event of the suit, and was examined as a witness, and we shall regard his evidence as competent. Does, then, the information which he imparted to defendant in error the day after he was served with the summons amount to notice, or was it sufficient to put him on inquiry? We think it was. The day after he was served he saw defendant in error, and informed him that he had sold to plaintiff in error. Not only so, but offered to pay him one of the notes given by plaintiff in error on the purchase of the land. This seems to be clear,

explicit and definite notice of the sale; as full, perhaps, as if he had seen the bond on record in the proper office. If not disposed to credit the statements of Baker, and that the note was for the purchase-money, he only had to call upon the plaintiff in error to have seen the original bond itself.

But if it was conceded that this was not notice, it must be admitted that it was sufficient to put defendant on inquiry which must, if followed up, have led to positive and indisputable evidence of the sale. It notified him of the sale, and pointed out the source from which unequivocal evidence of the fact of the sale could be had. Nor do we believe he would have failed to make the necessary inquiry, had he believed that he must have lost his debt if it proved to be true that the sale had been made, and that his only means of saving his debt depended upon learning whether the sale had been made. A party has no right to shut his eyes to all information coming to his knowledge, but when informed of facts which tend to show that others have acquired rights to property which he is seeking to incumber, he must institute inquiry to ascertain its truth, or sustain the loss occasioned by failing to act upon the notice. We think, in this case, that there was such notice as will prevent defendant in error from asserting his claim to title under the sheriff's deed. Whatever rights he may have acquired were subordinate to the purchase of the land by plaintiff in error, and having had notice of his purchase before the lien of the judgments attached, it would be inequitable and unjust to permit defendant in error to hold the land. The court below, therefore, erred in dismissing the complainant's bill and in refusing to make the injunction perpetual.

The decree of the court below is reversed and the cause remanded.

*Decree reversed.*