### Lemuel L. Brown v. John Peterson.

#### Gen. No. 11,620.

1. INJUNCTION BILL—*construction of order of reference entered upon filing of.* Notwithstanding an order referring a bill for injunction to a master to pass upon the question as to whether an injunction should issue, does not refer to a temporary injunction, such is held in this case to have been the plain nature and scope of the order.

2. INJUNCTION—*what conclusive of wrongful issuance of.* The fact that a motion for the dissolution of an injunction was made, heard and granted, is conclusive evidence that the same was wrongfully issued.

3. ASSESSMENT OF DAMAGES—*effect of failure to issue injunction writ upon right to.* Where an injunction was ordered it is immaterial, so far as the right to an assessment of damages is concerned, whether the writ ordered actually issued.

4. ASSESSMENT OF DAMAGES—*what facts essential to sustain.* In order to sustain an order assessing damages upon the dissolution of an injunction, it is only necessary that such order should find damnification by the defendant and the extent thereof.

5. DECREE—*what facts sufficient to sustain.* Not evidentiary or probative facts, but ultimate facts alone, are all that is necessary to find in any decree to sustain it.

Proceeding for injunction. Error to the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed December 15, 1904.

DAVID S. GEER, for plaintiff in error.

THOMAS B. LANTRY, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

Lemuel L. Brown, the plaintiff in error, filed his bill of complaint in chancery against John Peterson, the defendant in error, in the Circuit Court of Cook county, on Sep-

tember 30, 1901. The bill alleged that complainant, the
present plaintiff in error, was the owner of certain prem-
ises in the village of Lemont in Cook county, Illinois;
that a lease of them had been secured by the defendant
Peterson, defendant in error herein, from the complain-
ant's ancestor in title, deceased, by conspiracy and fraud;
that various grievances and improper acts in violation of
the covenants of the lease were being committed by the
defendant, and prayed that the lease should be cancelled
and that the defendant Peterson might be, until the fur-
ther order of the court, enjoined from tearing down any
of the gates and fences on certain portions of the premises
described in the lease, from disturbing the complainant in
the possession of a certain part of the said premises,
(which he alleged himself to be still in possession of not-
withstanding the lease to defendant,) from selling intoxi-
cating liquor to minors or to intoxicated persons (on the
premises leased), from keeping open a tippling house on
Sunday, and from disturbing the peace of private families,
and cutting down and carrying away trees.

The defendant answered the bill, denying all the mate-
rial allegations thereof; but on reference to a master in chan-
cery, by an order entered September 30, 1901, " to take
proof of all the material allegations in the said bill con-
tained and report the same to the court with his opinion on
the law and the evidence," the master reported that upon
due notice, appearance of the parties and hearing, " the
master is of opinion and therefore finds that an order of the
court should be entered " enjoining the defendant from do-
ing these acts : first, tearing down certain gates and fences
on the leased premises, or interfering with the peaceful
possession of complainant to certain premises in contro-
versy; second, cutting down or carrying away trees from
said premises; third, doing anything which would injure
the property rights of complainant in the premises involved,
or anything whereby said complainant might become liable
in damages to third persons, and recommended " that an
injunction be issued in accordance with the foregoing find-

ings upon the filing by complainant of an injunction bond in the penal sum of two hundred and fifty dollars."

On May 29, 1902, the chancellor ordered "that an injunction issue as recommended by the master on complainant filing his injunction bond in the sum of two hundred and fifty dollars."

On June 7, 1902, the following order was entered : "This cause coming on to be heard upon the motion to dissolve the injunction heretofore granted herein after argument * * * it is ordered that said injunction be and the same hereby is dissolved and leave is hereby granted the defendant to file his suggestions of damages herein within ten days from this date, and leave is also granted the complainant to amend his bill of complaint herein within ten days."

On June 12, 1902, defendant Peterson filed his suggestion of damages in writing, specifying his alleged damages in detail.

On March 31, 1903, an order was entered by the court below, the first clause of which, in the record, reads as follows: "This cause coming on to be heard upon the suggestions of damages heretofore filed by the defendant in error, and the court, after hearing all the evidence and agreements of counsel, and being fully advised in the premises, finds that said defendant has been damnified by the injunction heretofore rendered herein in the sum of two hundred dollars ($200)." The order then assesses the damages of John Peterson for the issuance of the injunction and decrees execution therefor. It is to reverse this order that this writ of error was sued out.

The particular errors assigned and insisted on in argument are that there is no evidence in the record or finding of fact in said decree or order to sustain the same; and that " the court below erred in assessing damages on dissolution of injunction after notice of application for injunction and opportunity to be heard had been given defendant, and after a hearing by defendant said injunction was issued in accordance with recommendation of the master, and no objections or exceptions being filed to said report of said master."

We hardly understand this second 'ground of objection, unless it is meant to imply that the order granting the injunction was a final one disposing of the cause on the report of the master to whom it had been referred, by ordering a permanent injunction. We do not understand such a position to be seriously taken by plaintiff in error, and, at all 'events, it is manifestly untenable. Although the order of reference does not confine the reference to a recommendation concerning a temporary injunction, the report of the master is not on the merits of the bill or concerning the main prayer of the bill, but solely in favor of an injunction, on giving " an injunction bond," which is, of course, a bond conditioned for the payment of damages in case the injunction was dissolved. Although neither the report of the master nor the order of the court for the injunction specifically described it as one "*pendente lite*," or "until the further order of the court," this was its plain nature and scope. A motion for its dissolution was afterward made, heard and granted, and this was conclusive of the proposition that its issuance was wrongful. Cummings, et al., v. Mugge, 94 Ill. 186; Landis v. Wolf, 206 Ill. 392.

It is suggested in brief of plaintiff in error that it does not appear that any injunction writ was ever issued and served. This is immaterial. Such a writ is not an essential part of the record if it did issue, and it does not matter whether it did or not. The injunction was ordered. Presumably it was obeyed. It was wrongful and was dissolved. Nothing more was necessary to furnish a basis for the statutory remedy of an assessment of damages on suggestions in writing. The brief of plaintiff in error says that it does not appear that any suggestions of damages in writing were filed, but the additional transcript of record filed by defendant in error negatives this and shows such suggestions as made and afterward amended.

This leaves the only ground of objection to this decretal order, that the record does not contain evidence to support it, and that the order does not find sufficient facts to sustain it without such evidence in the record.

It is not necessary for us to decide whether there is a ne-

cessity, in this proceeding, which, though in chancery, is statutory, that the evidence should be preserved or that the findings of the decree should sustain its ordering parts. Counsel for defendant in error, likening the statutory proceeding in this assessment of damages in chancery to a divorce decree, or an order to sell real estate to pay debts, or to enforce a mechanic's lien, contend that the court will, as in a common-law proceeding, presume from the judgment that sufficient evidence was heard to sustain the same. Whether this be so or not, there can be no doubt that the findings of fact in this order are sufficient to sustain it. Not evidentiary or probative facts, but ultimate facts alone, are all that it is necessary to find in any decree to sustain it. Walker v. Carey, 53 Ill. 470; Allen v. Le-Moyne, 102 Ill. 28.

In this decree (the precedent dissolution of the injunction having established its wrongful issuance,) there were but two ultimate facts necessary to be found to justify the order assessing damages and ordering execution. One was whether or not defendant had been damnified, and the other was the extent to which he had been so damnified, if at all. Both these facts were found in the order itself. And it appears from the order that they were so found by the court from the evidence. Counsel for defendant in error suggest that the court below also proceeded on the " agreements " of counsel, but we should be slow to put a decision in this case on an apparent clerical error. There are much better grounds for it.

The order is affirmed.                    *Affirmed.*