MINNIE C. JOHNSON

*v.*

MINETTE E. MCNELLIS *et al.*

*Opinion filed June 19, 1907—Rehearing denied October 3, 1907.*

1. JUDGMENTS AND DECREES—*decree cannot grant affirmative relief not asked for.* A decree dissolving a temporary injunction and dismissing a bill for specific performance of an alleged contract cannot award to the defendants affirmative relief not sought by the cross-bill nor suggested by the answer.

2. APPEALS AND ERRORS—*when a decree will not be reversed as against the evidence.* A decree dismissing a bill for specific performance on an alleged oral contract upon the ground that there was no contract made as alleged in the bill will not be reversed as being against the weight of the evidence, where the testimony of both the complainant and the defendant is inconsistent with the documentary evidence in the record and yet the testimony of each finds some corroboration, so that the chancellor's finding is not clearly and palpably wrong.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

Plaintiff in error filed her bill in the superior court of Cook county on April 23, 1904, seeking the specific performance of a contract, and other relief.

From the bill, and from evidence offered in support thereof, it appears that in the autumn of 1903 George R. Halden was a tenant in possession of the premises at 357 LaSalle avenue, in the city of Chicago, and engaged in conducting a lodging house therein, and was the owner of the household goods used by him in that business; that Halden entered into a contract with plaintiff in error to transfer to her said household goods and his interest in the lease for the sum of $2250, and that plaintiff in error borrowed the

money necessary to make payment from defendant in error McNellis, and for the purpose of securing the money borrowed, caused the personal property and leasehold to be transferred to said McNellis; that at the same time a contract was entered into between plaintiff in error and McNellis by which the loan was to be re-paid at the rate of $80 per month, and when $500 had been paid that McNellis was to transfer to plaintiff in error the personal property and the leasehold, and to take from the plaintiff in error a promissory note, secured by a chattel mortgage on the personal property, for the payment of the balance of the debt; that by the contract plaintiff in error was from October 15, 1903, to pay the rent to the owner of the realty and was at once to enter into possession of the property, both real and personal; that plaintiff in error did so take possession of the property and engaged in the business of conducting a boarding house and so continued to the time of the filing of the bill, and during that period she paid the rent of the realty and had paid to McNellis the sum of $529, in accordance with the terms of her agreement; that she executed notes, and chattel mortgage upon the personal property to secure the same, for the amount unpaid and tendered the same to McNellis, and demanded that the latter execute and deliver to plaintiff in error formal conveyances in accordance with the contract, but that McNellis refused so to do; that on March 21, 1904, McNellis gave a chattel mortgage on the same personal property to one Hastings to secure the payment of the sum of $1800, and that on the 22d day of April, 1904, said Hastings and William Hall, D. A. Moses, George R. Halden and Anna B. Wieland entered the premises, without the consent of plaintiff in error, for the purpose of foreclosing the last mentioned chattel mortgage.

The bill makes McNellis and the five persons last mentioned defendants; prays that McNellis be required to specifically perform the contract between her and plaintiff in

error; that the chattel mortgage from McNellis to Hastings be declared void and of no effect as to plaintiff in error, and that a temporary injunction be issued restraining the defendants from interfering with the possession of plaintiff in error and from removing any of the personal property from the premises. The temporary injunction was issued as prayed, and was continued in force until the final decree was entered in the superior court.

Defendant in error McNellis answered, denying that she made the contract with plaintiff in error set out in the bill; states that she was the owner of the leasehold and the personal property by purchase from Halden; that on October 15, 1903, she entered into a contract with plaintiff in error by which the latter was given an option to purchase the personal property and the leasehold for the sum of $2250 within three months from that date; that during that period plaintiff in error was to have the possession of the property, pay the rent for the realty and to conduct there a boarding house at her own expense and to be entitled to all the profits thereof, and during that period was to pay to McNellis the sum of $80 per month, and at the end of that period if plaintiff in error elected to purchase the property and the leasehold she was to have credit for the aggregate of the monthly payments upon the purchase price and was to pay to McNellis the balance of the purchase price in cash; that if plaintiff in error did not elect to complete the purchase then McNellis was to retain the monthly payments made, as payment for the use and occupation of the property, premises and business; that at the expiration of the three months plaintiff in error failed to pay the balance of the purchase price, and thereupon the option was extended to February 15; that the remainder of the purchase price not being then paid, the option was again extended to March 15, 1904, when, plaintiff in error again failing to exercise her right under the contract and pay the balance of the purchase money, McNellis canceled the option agreement and

228—23

demanded possession of the property and premises; states that the plaintiff in error was in possession of the property and premises under and by virtue of this so-called option contract. This answer admits the execution of the chattel mortgage to Hastings, and denies the payment of the $529 alleged by the bill to have been paid to McNellis.

Hastings answered, setting up his chattel mortgage and claiming the right to foreclose the same. Moses answered, stating that he was employed by Hastings to take possession of the personal property under the chattel mortgage, and that with his custodians he entered the house and took possession of the personal property. The other defendants to the bill seem to have made default.

Plaintiff in error filed general replications to the answers. Upon the hearing the testimony was taken in open court before the chancellor, and a decree was entered dissolving the temporary injunction, dismissing the bill and ordering plaintiff in error "to turn over and deliver forthwith to the defendant McNellis the said premises, furniture, fixtures, appurtenances and other property described in the bill of complaint." That decree has been affirmed by the Branch Appellate Court for the First District, and the record is brought to this court by writ of error.

HENRY W. LEMAN, and FRANK H. CULVER, for plaintiff in error.

VAIL & PAIN, for defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The principal controversy in this case is as to whether or not an oral contract was entered into between plaintiff in error and defendant in error McNellis, as is averred by the bill and as plaintiff in error testified. According to her testimony there was no one present at the making of this contract other than herself and McNellis. The latter tes-

tifies that no such contract was made but that another and different contract was entered into, by virtue of which contract the plaintiff in error took possession of the premises and the personal property involved in this suit. The testimony of McNellis is inconsistent with documentary evidence found in the record. The same is true, however, of the testimony of plaintiff in error, and the testimony of each finds some corroboration in the record. After a consideration of all the evidence in the case we are not able to agree with counsel for plaintiff in error that the decree should be reversed on the theory that the finding therein to the effect that no contract was made between plaintiff in error and McNellis, as alleged in the bill, is clearly and manifestly against the preponderance of the evidence. The witnesses were examined in the presence of the chancellor. He enjoyed opportunities for determining their credibility which we do not have. It does not appear to us that his finding on this disputed question of fact is clearly and palpably wrong, and we therefore will not disturb that finding. *Columbia Theater Co.* v. *Adsit,* 211 Ill. 122, and cases cited.

The decree, however, is erroneous in that it grants to McNellis affirmative relief not sought by cross-bill nor suggested by her answer. Plaintiff in error, at the institution of this suit, was in possession of the real estate and the personal property remained undisturbed in the rooms occupied by her. The decree orders that she surrender possession of both the real and personal property to McNellis. Upon the pleadings in the case such affirmative relief could not rightfully be awarded. *Stone* v. *Smoot,* 39 Ill. 409; *White* v. *White,* 103 id. 438; *Jackson* v. *Sackett,* 146 id. 646; *Mehan* v. *Mehan,* 203 id. 180.

The decree reserved to defendants the right to file in the cause suggestions of damages sustained by them by reason of the wrongful suing out of the injunction, and a like reservation may be made by the decree hereafter entered by the superior court.

The decree of the superior court will be reversed and the cause will be remanded to that court, with directions to enter a decree dissolving the injunction and dismissing the bill for want of equity, without awarding to McNellis affirmative relief which she obtained by the decree now under review. The defendants to the bill will not be entitled to have in that decree any provision of a character beneficial to them, or either of them, beyond those dissolving the injunction, dismissing the bill, awarding costs against the plaintiff in error and reserving the right to file suggestions of damages.

*Reversed and remanded, with directions.*