**Levi Seass, Appellee, v. N. S. Monroe et al., Appellants.**

1. COMMISSIONERS OF HIGHWAYS—*effect of records of.* The records of highway commissioners cannot be varied by parol.

2. INJUNCTION—*when does not lie against highway commissioners.* An injunction does not lie to restrain highway commissioners from paying for merchandise lawfully purchased by them where the purchase was duly made and the record of the order to purchase is in conformity to law.

Bill in chancery. Appeal from the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1908. Reversed and remanded, with directions. Opinion filed November 17, 1908.

HARBAUGH & THOMPSON and W. K. WHITFIELD, for appellants.

WALTER EDEN, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Levi Seass filed his bill in chancery in the Circuit Court of Moultrie county against appellants to restrain Fulton and Dolan from paying from the funds of the Town of Jonathan Creek, to Monroe, the sum of $600 for the purchase of one "Jumbo Monroe Road Machine." Injunction was ordered as prayed for in the bill and afterward a motion was made to dissolve the

injunction which was heard upon evidence offered by
the respective parties. The court refused to dissolve
the injunction and this appeal followed.

In his bill for injunction Seass alleged that he was
the owner of property liable to asessment for taxes in
the town of Jonathan Creek; that John Fulton, L. L.
Dolan and A. J. Sexton were the commissioners of
highways of said town, duly elected and qualified;
that on the 29th day of February, 1908, they made a
contract with N. S. Monroe, by the terms of which they
agreed to buy from him one "Jumbo Road Machine"
and to pay him therefor the sum of $600, which agree-
ment was in the words and figures, to wit:

"FEB. 29, 1908, Cadwell, Ill.
N. S. MONROE, Arthur, Ill.

Please deliver to Jonathan Creek Township at
Arthur, county of Moultrie and state of Illinois, on or
about the 20th day of March, 1908, one Jumbo Monroe
road machine with water tank, two coal boxes, for
which the undersigned agree to pay you or order six
hundred dollars, settlement to be made cash, order or
warrants of roads, as follows, $600 cash.

J. W. OSBORN,        Com. of    ⎰ JOHN FULTON.
    Town clerk.    Highways   ⎱ L. L. DOLAN."

that the complainant had examined the records of said
commissioners of highways and had been unable to find
any record of any meeting at which said commissioners
had ordered or made such purchase. In the bill it was
further alleged that said order for such machine was
made without legal authority to bind said town, but
that Monroe had filed said contract with the clerk of
said commissioners of highways on February 29, 1908,
and that (as complainant was informed and believes)
said Fulton and Dolan, as commissioners, intended to
accept said road machine and pay for the same out
of the funds of said town.

In an amendment to said bill it was alleged that said
town was not in need of said road machine, and that
the purchase thereof was a needless waste of the funds

of said town, and in a supplemental bill it was set up that since the filing of the original bill the commissioners of highways had held a meeting on the twentieth day of March, 1908, and had amended the record of the meeting held on the 29th day of February, 1908, and asking that the complainant might have the same relief as he could have had if the proceedings of March 20, 1908, had not been had.

Upon the hearing it developed that at a regular meeting of the highways commissioners held at the office of the town clerk, when all three of the commissioners were present, a Mr. Monroe was in attendance and submitted a proposition to sell to the commissioners a road machine for $600; that during the discussion concerning the purchase all three commissioners and Monroe took part, and that the order hereinbefore quoted was signed by Fulton and Dolan, a majority of the commissioners, and delivered to Monroe, who gave it to the clerk, with the request made, in the presence of all three commissioners, that he put the order on record. The clerk placed the order on record, but did not write up the minutes of the meeting until afterward, and when he did so he signed the names of the commissioners thereto, agreeably to a custom to that effect prevailing among such commissioners.

In the record of the proceedings of February 29, 1908, as afterward made up by the clerk it was recited that "Commissioners purchased one road leveller of the Monroe road machine company as per contract and terms recorded, etc." On the 20th day of March, 1908, at a special meting of said commissioners, at which all three commissioners were present, it was determined that the record of said meeting of February 29 did not fully set forth the proceedings of that date and it was resolved that the record be amended to show the true proceedings of that date in compliance with which resolution the records as amended were made to show that at the meeting of February 29, 1908, an agent of N. S. Monroe was present and proposed to sell to said

commissioners one "Jumbo Monroe road machine for $600; that after full consideration it was decided by a majority of said commissioners to accept said proposition; that thereupon it was ordered by the said board of commissioners of highways that the said commissioners of highways enter into a contract with said N. S. Monroe for the purchase of one Jumbo Monroe road machine for the price of $600; that thereupon said commissioners of highways did enter into a contract with said N. S. Monroe for the purchase of one Jumbo road machine for the price of $600." At such meeting of March 20, 1908, it was resolved "That the president of the commissioners of highways of said town be and he is hereby directed to sign the record of the meeting of the commissioners of highways, held on February 29, 1908, as amended, and also the record of this meeting, and that if he refuses to do so, that a president *pro tempore* be appointed to sign the record of said meeting of February 29, 1908, as amended and the record of this meeting," and in pursuance of such resolution L. L. Dolan was elected by a majority vote president *pro tempore.* The record of March 20, 1908, as thus made was signed by all three commissioners and the town clerk. Upon this showing the injunction should have been dissolved. The three commissioners were duly elected and qualified and the meeting of February 29, 1908, was a regular meeting. All three commissioners were present and they, or a majority of them, were competent to enter into the contract involved. They had full control of the minutes of their proceedings and if it turned out that any of their proceedings had been incorrectly transcribed or not transcribed at all by the clerk, it was not only within their province, but it was their duty to see that the records should be so amended or written up as to truthfully and accurately record their acts as such commissioners; and when so made parol evidence was incompetent to vary them.

There is no equity in appellee's claims and the de-

cree of the lower court is reversed with directions to such court to dissolve the injunction and dismiss the bill for want of equity.

*Reversed and remanded with directions.*