Levi Seass, Appellant, v. N. S. Monroe et al., Appellees.

INJUNCTIONS—*when damages not allowed upon dissolution.* If the original issuance of the injunction was rightful, the fact of dissolution resulting as a consequence of some ensuing act of those enjoined, does not authorize the assessment of damages.

Bill in chancery. Appeal from the Circuit Court of Moultrie county; the Hon. W. G. Cochran, Judge, presiding. Heard in this court at the May term, 1909. Reversed. Opinion filed October 25, 1909. Rehearing denied; opinion modified November 24, 1909.

Walter Eden, for appellant.

W. K. Whitfield and F. J. Thompson, for appellees.

Mr. Justice Puterbaugh delivered the opinion of the court.

Monroe, Dolan and Fulton, pursuant to the statute, severally suggested to the Circuit Court sitting in chancery, that by reason of the wrongful issuing of the injunction referred to in the opinion of this court in Seass v. Monroe et al., 146 Ill. App. 56, they had sustained damages by reason of having become liable to pay the reasonable and customary fees and charges for services necessarily rendered by their solicitors in procuring the dissolution of said injunction, and for various expenses and costs by them necessarily expended to that end. Upon a hearing upon such petitions and the answer filed thereto by Seass, the chancellor found that the petitioner Monroe had sustained damages by reason of the wrongful suing out of said injunction, in the sum of $107.80; that for the same reason the petitioners Dolan and Fulton had been jointly damaged in a like sum, and ordered that the petitioners have and recover the same of Seass, and that execution issue therefor. To reverse such decree this appeal is prosecuted by Seass.

It was held in our former opinion that while the injunction in question was properly issued in the first instance, inasmuch as it appeared from their answers and the proof that the commissioners had after the issuance of the injunction and prior to the hearing of the motion to dissolve the same, so amended their official records as to show that their actions, alleged in the bill for injunction to be without authority of law, were in accordance with the statute, the injunction should have been dissolved upon such showing. The statute only allows the assessment of damages sustained by reason of wrongfully suing out an injunction (Elder v. Sabin, 66 Ill. 126), its object being to compensate the party for the injury he has suffered by reason of having been wrongfully enjoined from doing a thing he had at the time the right to do. At the time the injunction was procured to be issued the petitioners were threatening to do that which their existing official records failed to show they had legal right to do. Their subsequent actions manifestly did not relate back so as to render the issuance of the injunction wrongful. It follows that the petitioners were not entitled to damages under the statute, and the decree of the Circuit Court is accordingly reversed.

*Reversed.*