## Kate Conway, Appellant, v. Clarence E. Pope et al., Appellees.

1. INJUNCTIONS—*when granted to prevent trespass.* The granting of injunctions against the commission of a trespass is sparingly exercised and is confined to cases where from the peculiar nature of the property affected by the trespass, or from its frequent repetition, the injury cannot be remedied by an action for damages, and where it may therefore be properly termed irreparable.

2. INJUNCTIONS—*when suggestion of damages properly stricken.* If suggestion of damages is not filed until after the suit is finally disposed of, it is properly stricken from the files.

Bill in equity. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed April 15, 1911. Rehearing denied May 19, 1911.

MAURICE V. JOYCE and A. B. GARRETT, for appellant.

R. H. FLANNIGEN and B. H. CANBY, for appellees.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

This is an appeal from a decree dismissing a bill in equity filed by appellant for an injunction. A temporary writ of injunction, issued upon the application of appellant, was at the same time dissolved.

The wrongs complained of were the alleged interference of appellees with the erection of a division fence on a line dividing the property of the parties. Passing over the question of the sufficiency of the averments of the bill to authorize an injunction writ (the bill having been answered) we find from the testimony that appellant and appellee, Clarence E. Pope, were the owners of adjoining lots in the city of East St. Louis upon which were dwelling houses occupied by the parties respectively. On the division line between the lots a board fence had been erected some

years ago extending from a point about the middle of the lots to the rear. The fence had been falling into decay and had occasionally been repaired by first one party and then the other by nailing on boards when they would become loose.

Appellant concluding to reconstruct the fence herself, employed a carpenter for that purpose. Under the direction of appellant the carpenter tore away the old fence and started to rebuild it on substantially the same division line using some of the old boards. Prior to this time the smooth side of the fence faced appellee Pope's lot. In rebuilding the fence the testimony shows Pope had no objection until it appeared to him that it would be unsightly, when he objected to having it rebuilt in that style. He ordered the carpenter to stop the work and when the latter refused he threatened him with a revolver. The work was then stopped, and Pope had the fence torn down and the boards thrown onto appellant's premises. Afterwards and after the injunction writ was issued appellant rebuilt a fence several inches within the division line on her ground which would seem to mark the end of the controversy.

There was no evidence of any threats on the part of Pope that he would interfere with building another fence or that he would molest it if it was constructed, and none that either of the appellees is insolvent and unable to respond in damages.

The granting of injunctions against the commission of trespass is sparingly exercised, and is confined to cases where from the peculiar nature of the property affected by the trespass, or from its frequent repetition, the injury cannot be remedied by an action for damages, and where it may therefore be properly termed irreparable. High on Injunctions, Vol. 1, Par. 697. The same author in the same paragraph, says: "The foundation of the jurisdiction rests in the probability of irreparable injury, the inadequacy of pecun-

iary compensation, and the prevention of a multiplicity of suits, and where facts are not shown to bring the case within these conditions the relief will be refused.'' To the same effect are Owens v. Crossett, 105 Ill. 354; Payer v. Village of Des Plaines, 123 id. 111; Com'rs of Highways v. Green, 156 id. 504; Edwards v. Haeger, 180 id. 99; Cragg v. Levinson, 238 id. 69.

Under the evidence in this case it is apparent the appellant had a complete remedy at law and that she has not shown such a state of facts under the authorities cited as would bring her case within the jurisdiction of a court of equity.

There is no error in dismissing the bill and dissolving the injunction.

Appellees filed their suggestions for the assessment of damages upon the dissolution of the injunction which was stricken from the files. This court is asked to reverse and remand the cause as to this action with directions to the court below to permit appellees to introduce evidence as to the amount of damages and to assess damages in accordance with the evidence. It appearing from the record that no suggestion of damages was filed until after the suit was finally disposed of there was no error in striking the suggestion of damages from the files. Rev. Stat., sec. 12, chap. 69.

Finding no error the decree of the City Court will be affirmed.

*Affirmed.*