(No. 12632.—Judgment affirmed.)

THE PEOPLE *ex rel.* Samuel P. Thrasher, Appellant, *vs.* JACOB M. EISENBERG, Appellee.

*Opinion filed June 18, 1919.*

1. APPEALS AND ERRORS—*when Supreme Court cannot review question whether an injunction was properly dissolved.* As the Supreme Court is without jurisdiction to review by writ of *certiorari* a judgment of the Appellate Court directing the dissolution of a temporary injunction, it cannot review such judgment on a subsequent appeal from the judgment of the circuit court assessing damages upon dissolving the injunction in accordance with the mandate of the Appellate Court.

2. INJUNCTION—*damages may be assessed upon dissolution of temporary injunction to abate nuisance.* Where a temporary injunction issued on a bill to abate a nuisance is dissolved, the circuit court, under section 12 of the Injunction act, has authority to hear evidence in support of a suggestion of damages and to assess damages without disposing of the merits of the bill.

THOMPSON, J., dissenting.

APPEAL from the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

SIMS, WELCH & GODMAN, for appellant.

BRADY, RUTLEDGE & DEVANEY, (JAMES A. BRADY, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The appellant on August 19, 1916, filed a petition and bill in equity in the circuit court of Cook county to secure an injunction against appellee restraining him from permitting certain property owned by him and located in the city of Chicago to be used for purposes of lewdness, assignation and prostitution, in violation of the statute on nuisances. (Hurd's Stat. 1917, p. 2022.) Prior to the filing of the bill and petition the relator by mail notified the defendant, Eisenberg, that the premises were being used in violation of said act. On August 3, 1916, a written notice was personally served on Eisenberg, notifying him that on June 21 and July 28, and on divers days between said dates and prior thereto, the premises in question had been used contrary to and in violation of said act. This notice called particular attention to section 2 of said act, which provides that no proceedings shall be instituted to abate the nuisance until five days after service of said notice. It also informed Eisenberg that if he did not abate the nuisance within a reasonable time after the expiration of five days, proceedings would be taken in a court of equity to abate the nuisance. After the expiration of the five days set out in said notice the petition and bill in question were filed in the circuit court of Cook county and a temporary injunction was issued without the previous notice provided for in section 3 of the Injunction act. (Hurd's Stat. 1917, p. 1659.) The bill and the petition each set forth the facts aforesaid and pray for the issuing of an injunction writ and were each verified by the affidavit of the relator. Thereupon, and without any appearance or proceedings of any kind in the circuit court, an appeal was perfected from the

288 — 20

interlocutory order to the Appellate Court for the First District. Upon hearing in said court it was held that the allegations of the bill were not sufficient to authorize the court to issue the temporary injunction without notice. It was held by said court that because of the failure to give notice of the time and place of the application for the injunction, as required by section 3 of the Injunction act, the interlocutory order was wrongfully issued. The Appellate Court reversed the judgment and remanded the cause for a further hearing upon the issues set out in the bill. The remanding order of the Appellate Court was duly entered by the circuit court, after which the preliminary injunction was dissolved in accordance with the rulings of the Appellate Court. Thereupon the defendant, Eisenberg, filed his suggestion of damages sustained for solicitor's fees in securing the dissolution of the temporary injunction. After a hearing the circuit court entered a decree and judgment against the relator for the sum of $500 found by it to be the fair and reasonable value of the services of the defendant's attorney in securing such dissolution. This judgment was awarded by the circuit court in advance of any consideration of the merits of the cause as set forth in the petition and bill. From this judgment an appeal was perfected to the Appellate Court and was by said court affirmed. The cause comes to this court upon a certificate of importance issued by the Appellate Court.

It is contended by the appellant that a judgment for damages in securing the dissolution of a temporary injunction without passing upon the issues set forth in the bill is without authority of law; that the preliminary injunction was wrongfully dissolved for the reason that the notice required by section 3 of the Injunction act does not apply to proceedings under the Nuisance act; that the petition and bill of complaint of appellant made out a case in equity sufficient for an order granting a temporary injunction without notice, and therefore the assessment of damages was

illegal; that the failure to give notice under the Injunction act, which would, at most, constitute a mere irregularity, did not justify an assessment of damages for attorney's fees, only, without evidence of other damages suffered; that upon the filing of a verified petition, if the court is satisfied that the nuisance complained of exists, the court shall allow a temporary writ of injunction with bond (unless the petition is filed by the State's attorney) in such amount as the court may determine, provided no such injunction is issued except on behalf of an owner or agent, unless the court is satisfied that such owner or agent had been personally served with a notice signed by the petitioner five days prior to the filing of said petition; and that this provision of the statute on nuisances makes the notice provided for by section 3 of the Injunction act useless and inoperative.

It is contended on the part of appellee that the judgment of the Appellate Court on the former appeal of this case reversing and setting aside the order of the circuit court granting the injunction herein and holding that the injunction had been wrongfully issued on the ground that no notice was given as required by section 3 of the Injunction act was not reviewable, and that appellant is therefore precluded from further review of such decision, and that it must be assumed that the injunction was wrongfully issued.

A petition for *certiorari* was filed in this court from the decision of the Appellate Court and was dismissed on the ground of want of jurisdiction of this court to review a decision of the Appellate Court touching the disposition of an interlocutory injunction. The judgment herein is for damages assessed by the circuit court of Cook county upon the dissolution of the temporary injunction in accordance with the mandate of the Appellate Court.

The Appellate Court has affirmed the judgment of the circuit court and granted a certificate of importance in this case, and the first question presented here is whether or

not this court can take jurisdiction to determine the legality of the mandate of the Appellate Court dissolving the temporary injunction, on which mandate the damages are based, when this court is without jurisdiction to review such order of dissolution by writ of *certiorari.* To hold that this court has such jurisdiction would be to indirectly confer a jurisdiction which cannot be assumed directly. The result arising from such a holding would, in effect, confer upon this court jurisdiction to review the decision of the Appellate Court in all cases of the dissolution of interlocutory injunctions where damages had been assessed. We are of the opinion, therefore, that this court is precluded from reviewing the question whether or not the injunction was properly dissolved.

The remaining question in the record is whether or not the assessment of damages for attorney's fees for services in securing the dissolution of the temporary injunction should be allowed before the merits of the bill are passed upon, it being contended by the appellant such assessment of damages is premature. Section 12 of the Injunction act provides as follows: "In all cases where an injunction is dissolved by any court of chancery in this State, the court, after dissolving such injunction, and before finally disposing of the suit, upon the party claiming damages by reason of such injunction suggesting, in writing, the nature and amount thereof, shall hear evidence and assess such damages as the nature of the case may require, and to equity appertain, to the party damnified by such injunction, and may award execution to collect the same: *Provided,* a failure so to assess damages shall not operate as a bar to an action upon the injunction bond."

While there appears to have been a conflict in the earlier decisions of this court on this question, an examination shows such to have been due to the different statutes in force at the time of such decisions. The rule in this State has always been that where a temporary injunc-

tion is ancillary to the cause of action, damages may be assessed upon the dissolution of a temporary injunction without disposing of the merits of the bill. It was, however, held in *Terry* v. *Hamilton Primary School,* 72 Ill. 476, that where the only prayer of the bill was for an injunction, it was premature and improper to assess damages until a final disposition of the case. This was the rule in this State subsequent to an amendment to the law of 1861. Section 1 of the Injunction act of 1861 was the same as section 12 of the Injunction act of 1874, with the exception that the proviso in section 12 was added. In the case of *Shackleford* v. *Bennett,* 237 Ill. 523, the statutes and decisions on this matter were considered. In that case the only relief sought by the bill was a perpetual injunction. A temporary injunction was issued and later dissolved without passing on the merits of the bill. The question there arose whether or not action might be maintained on an injunction bond after the dissolution of the temporary injunction and before the disposition of the injunction bill. It was there held that since the addition of the proviso now in section 12 of the Injunction act the rule is that upon dissolution of an injunction there is immediate cause of action upon the bond accruing to the party against whom the injunction is directed. Such being now the rule in this State, the circuit court has authority under said section 12 to assess damages where suggestions for the same are filed. The Appellate Court, therefore, did not err in sustaining the judgment of the circuit court assessing said damages.

The judgment of the Appellate Court will therefore be affirmed.                    |                    *Judgment affirmed.*

Mr. JUSTICE THOMPSON, dissenting.