## C. S. Hayes et al., Appellants, v. Aden H. Kellums, County Collector, Appellee.

1. APPEAL AND ERROR—*waiver of assignments of error by failure to argue them.* Where numerous assignments were made but only two were mentioned in the argument, it was considered that all other assignments were waived.

2. INJUNCTION—*propriety of awarding solicitors' fees on dissolution of injunction against county officer.* Although it is the statutory duty of the State's Attorney to represent and advise all county officials in any suit brought against them in their official capacity, and for such services he cannot be allowed a fee, an allowance of solicitors' fees upon the dissolution of a temporary injunction in an action in which the defendant was sued as county collector was not improper, where it appeared that attorneys other than the State's Attorney appeared for defendant; and complainant could not defeat the allowance by merely saying that there was an attorney who could have perhaps been compelled to act for the defendant without compensation.

3. INJUNCTION—*assessment of damages on dissolution of temporary injunction.* It is proper to assess damages upon the dissolution of a temporary injunction without disposing of the merits of the case.

4. INJUNCTION—*sufficiency of designation of defendant in decree awarding solicitors' fees on dissolution.* A decree awarding solicitors' fees upon the dissolution of a temporary injunction against a defendant as county collector was not erroneous because the damages were awarded to defendant without designating him by his official title, where the clear intendment of the decree when read as a whole was that the damages were awarded and allowed to defendant as such collector.

Appeal from the Circuit Court of Clay county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed March 24, 1922.

SHRINER & SMITH, for appellants.

ROSE & McCOLLUM, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellants filed a bill to enjoin the collection of certain taxes levied for building purposes by the Board of Education of Louisville Community High School District No. 101, in Clay county, making "Aden H. Kellums, county collector of Clay county, Illinois," the only defendant thereto. A temporary writ of injunction restraining the collection of said taxes was issued in vacation without notice. At the regular March term, 1921, of the circuit court of said county, appellee, Aden H. Kellums, county collector, by the State's Attorney and Rose & McCollum, his solicitors, filed a motion to dissolve the temporary injunction. This motion was allowed by the court and the temporary injunction dissolved. At the same time a suggestion of damages was filed by appellee, claiming the sum of $300 paid or contracted to be paid for solicitors' fees to Rose & McCollum for services in procuring the dissolution of the temporary injunction. The court on the hearing allowed such damages in the sum of $250, and entered a decree dissolving the temporary injunction and awarding said damages. From that decree this appeal has been taken.

Appellants have made numerous assignments of error but mention only two in their argument, and it will therefore be considered that all other assignments of error have been waived by them.

It is first contended by appellants that it is the statutory duty of the State's Attorney to represent and advise all county officials in any suit that may be brought against them in their official capacity, and that as the only defendant in this suit was "Aden H. Kellums, county collector," now appellee, it was

the duty of the State's Attorney of Clay county to represent him in this suit and that for such services the State's Attorney could not be allowed any fee. In this contention of course appellants are correct and no damages were allowed as fees for or to the State's Attorney. But appellants further contend that it was error for the trial court to allow as damages, fees for other solicitors for appellants since he was entitled to the services of the State's Attorney without any charges. In our opinion the allowance of a solicitor's fee as damages in this case is clearly sustained by decisions of the courts of appeal of this State. That the trial court had the right to assess damages upon the dissolution of the temporary injunction without disposing of the merits of the case is clearly sustained by the case of *People v. Eisenberg,* 288 Ill. 304. A question very similar to the one here involved was before the Supreme Court in *Howard v. Burke,* 248 Ill. 224. In that case a bill praying for an injunction to restrain the collection of certain taxes levied for township high school purposes was filed. The trial court after a hearing dissolved the temporary injunction, dismissed the bill and awarded as damages, against the complainant, $250 as solicitors' fees for the defendants. It does not appear from the opinion of the court just who all the defendants were, but it does appear that some of them were county officials, and it also shows that the contention was made in that case that as some of the defendants were county officials and it was the duty of the State's Attorney to appear for them, it was not proper to allow solicitors' fees to other counsel in the case. In affirming the decree of the trial court, the Supreme Court used the following language: "It is also insisted that some of these defendants were county officials, and, as it was the duty of the State's Attorney to appear for them, it was not lawful to allow solicitors' fees to counsel here in question. While it is true the statute

makes it the duty of the State's Attorney to appear for county officials, there is no law precluding the employment of other counsel. On this record the services of these solicitors appear to have been proper and necessary, and the court did not err in allowing the fees in question." In *Fordham v. Thompson*, 144 Ill. App. 342, appellant Fordham filed a bill against the county clerk and county treasurer of Lee county praying for an injunction to restrain them from paying to a certain hospital a sum of money which the board of supervisors of that county had by resolution voted to ' pay. The injunction was issued without notice. Upon answer and motion to dissolve the injunction, the ' court dissolved the same and dismissed the bill and a suggestion of damages having been made, the defendants were allowed $100 for their solicitor's fee in procuring the dissolution of the injunction. The Appellate Court of the Second District in affirming the decree of the trial court said: "But it is argued that it was the duty of the State's Attorney to defend this action, and that he could not have been allowed a solicitor's fee, and that appellees had no right to employ other solicitors and thereby create a charge against appellant. We do not decide whether the duty of the State's Attorney required him to defend, nor whether, if he had done so, appellant would have escaped payment of the solicitor's fees necessarily incurred in procuring the dissolution of the injunction. The State's Attorney did not defend. There was no proof that he could have done so. He may have been ill or absent or interested in sustaining the injunction. "We do not think that the unsuccessful appellant can resist an allowance for appellees' solicitors' fees in such a case by merely saying that there was an attorney who perhaps could have been compelled to act for appellees without compensation. The law awards against appellant a reasonable fee for the

solicitors who did procure the dissolution of the injunction.''

A bill praying for an injunction restraining the collection of certain school taxes was filed by certain taxpayers against the township collector of taxes, county treasurer and certain school directors in Schuyler county of this State. The injunction was granted by the trial court, but on appeal to the Supreme Court the decree of the trial court was reversed. Suit was then brought on the bond for damages and among the damages allowed was solicitors' fees. While the identical question here involved does not appear to have been raised in that case (*Ryan v. Anderson,* 25 Ill. 372), the Supreme Court said: ''We think the costs in litigating the injunction case, including counsel fees, presented a fair and just claim, and should have been allowed to the extent which might be proved as damages.''

It clearly appears that appellee employed counsel in this case who took active part in the proceedings consequent upon the motion to dissolve the injunction and became liable for their fees. The reasonableness of the amount allowed for such fees is not questioned. We are of opinion this case comes clearly within the spirit of the decisions above mentioned and that the trial court did not err in allowing the fees here in question. It is further contended by appellants that the decree was erroneous because it allows these damages to ''Aden H. Kellums'' whereas as a matter of fact Aden H. Kellums was not a party to this suit but the only defendant was ''Aden H. Kellums, county collector.'' Throughout the decree, prior to the last paragraph thereof, the appellee is referred to as ''the defendant'' without mentioning either his name or official title. The last paragraph begins as follows: ''It is therefore ordered, adjudged and decreed by the court that the defendant, Aden H. Kellums have and recover of and from the complainants

herein," as damages, the sum of $250 for his reasonable solicitors' fees, and "that the same be paid by the complainants herein to the defendant." The clear intendment of this decree when read as a whole is that the damages were awarded and allowed to the defendant "Aden H. Kellums, county collector." We find no error in this decree and it is accordingly affirmed.

*Affirmed.*