Liberty National Bank of Chicago, a National Banking Association, as Trustee of Trust No. 4815, Appellee, v. Mary L. Newberry et al., Descendants Below.
On Appeal of Robert N. McCreary and Walter N. Darby, as Executors of Will of Mary L. Newberry, Deceased, Appellants.

**Gen. No. 46,539.**

First District, Second Division.

May 17, 1955.

Released for publication June 30, 1955.

McCarthy, Witry, Lyon & McCarthy, of Chicago, for appellants; George R. Lyon, of Chicago, of counsel.

Benjamin A. Rasky, of Chicago, for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

The trial court had, on motion of plaintiff, entered an order dismissing the cause of action and vacating an injunction which had been previously issued. Subsequently the defendants moved to have the order amended to permit them to file a suggestion of damages. This motion was denied by the trial court, from which ruling this appeal is taken.

As to the matters material to this appeal the record shows that the parties owned certain adjoining lots on which a building was constructed, containing no partitions, which premises were rented to tenants in common; that the defendants, among other things, provided the heat for the building for a consideration. Upon notice being sent to the tenant that the defendants would not furnish heat to the premises after September 30, 1953, the plaintiff filed its complaint for the enforcement of certain contractual and easement rights, for declaratory relief and for an injunction to restrain the defendants from discontinuing furnishing heat and other services. On September 4, 1953 a temporary injunction without notice or bond was issued so restraining the defendants. The defendants filed appearances and answers to the complaint, and on September 28, 1953 made a motion to dissolve the injunction, which motion, after several continuances, and after a full hearing, was denied on October 29, 1953. The plaintiff thereafter, on December 17th, filed a petition for a rule to show cause why defendants should not be adjudged in contempt of court for violation of the injunction. On December 29th the court, in an order, after finding that the defendants were then

254

complying with the temporary injunction, ordered the hearing on the rule to show cause to be continued generally. One of the original defendants having died, the plaintiff amended its complaint to join as parties defendant the new owners of the property and the appellants as executors of the will of the deceased defendant, who then filed their answer to the amended complaint. The executors filed a counterclaim on March 22, 1954, in which they alleged that the temporary injunction had been wrongfully issued and prayed for damages. A motion to dismiss the counterclaim was filed March 22, 1954 and was continued from time to time. On April 29, 1954 the court entered an order, on the motion of the plaintiff, vacating the temporary injunction and dismissing the cause without costs, except as to the counterclaim. On May 21, 1954 the defendants filed a motion to amend the order of April 29, 1954 to provide for the filing of a suggestion of damages. On June 18, 1954, on the motion of the defendants, an order was entered withdrawing the counterclaim, and on the same date the motion of the defendants to amend the order of April 29, 1954 dismissing the suit was denied.

Paragraph 12 of chapter 69, Ill. Rev. Stat. 1953 [Jones Ill. Stats. Ann. 109.360], is as follows:

"In all cases where an injunction is dissolved by any court of chancery in this state; the court, after dissolving such injunction, and before finally disposing of the suit, upon the party claiming damages by reason of such injunction suggesting, in writing, the nature and amount thereof, shall hear evidence and assess such damages as the nature of the case may require, and to equity appertain, to the party damnified by such injunction, and may award execution to collect the same: Provided, a failure so to assess damages shall not operate as a bar to an action upon the injunction bond."

■■ The injunction which restrained the defendants from interfering with, decreasing or discontinu-

255

ing to furnish heat for the premises, while negative in form, was really a mandatory injunction. Under the statute damages could only be assessed on account of the wrongful suing out of an injunction, the statutory object being to compensate the party for the injury suffered by reason of his having been wrongfully enjoined from doing something he had a right to do. Elder v. Sabin, 66 Ill. 126; H. A. Hillmer Co. v. Behr, 196 Ill. App. 363; Seass v. Monroe et al., 151 Ill. App. 142; Amschler v. Remijasz, 341 Ill. App. 262. It has been held that a suggestion of damages filed after the suit has been disposed of may properly be stricken from the files. Conway v. Pope, 161 Ill. App. 119.

The statute provides that the suggestion of damages must be filed before the suit is finally disposed of, but where the order or decree dissolving the preliminary injunction grants the defendant leave to file suggestion of damages at a future date, the question of a hearing on assessment of damages is properly reserved and may be held after the suit has been finally disposed of. H. A. Hillmer Co. v. Behr, 264 Ill. 568; Johnson v. McNellis, 228 Ill. 351; Leonard v. Pearce, 271 Ill. App. 428.

In any case, before the court can consider an assessment of damages, there must be a judicial determination that the injunction was wrongfully issued, and in all the cases that we have found, such finding had been made before the suggestion of damages was filed. It has been held that where a motion to dissolve was made, heard and granted, it was conclusive that the issuance of the injunction was wrongful. Brown v. Peterson, 117 Ill. App. 401. In the instant case the order entered by the court refusing to dissolve the injunction after hearing was an appealable order. Ill. Rev. Stat., ch. 110, par. 202 [Jones Ill. Stats. Ann. 104.078]; Ditis v. Ahlvin Const. Co., 331 Ill. App. 182; Peterson v. Grisell, 330 Ill. App. 587. Until that order was

vacated by the court it was conclusive that the injunction was not wrongfully issued.

The counterclaim filed by the defendants on March 22, 1954, in which they sought damages for the allegedly wrongful issuance of the temporary injunction, was improper in that it was predicated upon a matter which had previously been adversely determined by the court. If the motion to dismiss the counterclaim had proceeded to a hearing, the court, assuming it was properly advised, must have sustained it.

The motion of the defendants, upon which the order giving rise to this appeal was entered, sought to amend the dismissal order of April 29, 1954 to permit the filing of a suggestion of damages. Such motion could only be entertained by the court if the injunction had been wrongfully issued. The court, having previously found that the injunction was not wrongfully issued, properly refused to permit the filing of the suggestion of damages. Courts will not permit the doing of a useless act.

The order of the superior court is affirmed.

Order affirmed.

ROBSON and SCHWARTZ, JJ., concur.