Illinois Funeral Home Owners Association, C. B. Waterford, Sr., et al., Appellants, v. Cemetery Workers, Greens Attendants and Institutional Employees' Union, Local No. 106, etc., et al., Appellees.

**Gen. No. 47,311.**

First District, Third Division.

November 5, 1958.

Released for publication December 3, 1958.

Moore, Ming and Leighton, of Chicago (George N. Leighton, of counsel) for plaintiffs-appellants.

Linenthal & Scheyer, of Chicago (A. C. Linenthal, of counsel) for appellees.

PRESIDING JUSTICE FRIEND delivered the opinion of the court.

This is the third appeal in this cause of action. The original suit, filed in the Superior Court on May 15, 1952, sought a declaratory decree, injunction and damages in connection with a labor dispute. On June 4, 1952 a temporary injunction was issued restraining defendants from violence or interference with the delivery of commodities to the plaintiffs in connection with a strike which was being conducted by defendants against plaintiffs. Subsequently, on February 24, 1954, the second amended complaint was filed in two

counts; the first asking for a declaratory judgment or decree determining the rights, liabilities and legal relations of the parties, and for such injunctive relief as was necessary and proper to preserve the rights of the plaintiffs; the second count seeking damages allegedly occasioned by a secondary boycott. The temporary injunction was continued in effect until June 30, 1955, when it was dissolved, and the second amended complaint dismissed with prejudice at plaintiffs' costs. From this order plaintiffs perfected their first appeal, which is reported as Collins v. Barry, 11 Ill.App.2d 119. The subject matter and contentions of the respective parties are there fully set forth and need not be repeated here. Dismissal of count one of the second amended complaint was affirmed, dismissal of count two was reversed; and the cause was remanded for further proceedings. Defendants thereafter filed their suggestions of damages for attorneys' fees expended on account of the wrongful issuance of the temporary injunction, and on January 16, 1957 judgment was entered against plaintiffs in the amount of $2747.50. Plaintiffs' appeal from that order was dismissed because the record was not filed in apt time.

Subsequently, on July 9, 1957, plaintiffs filed a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1957, ch. 110) to vacate the order of January 16, 1957 awarding damages against them, and for other relief. Defendants answered, stating that the petition was not sufficient in law. The issue was decided by the trial court on pleadings, and on July 18, 1957 an order was entered denying to plaintiffs the relief sought under section 72. Plaintiffs appeal from that order, contending that the trial court lacked jurisdiction to award damages because neither the trial court on dismissal of the second amended complaint, nor the Appellate Court in its judgment in the first appeal, found that the injunction, dissolved on dis-

377

missal, was wrongfully obtained by plaintiffs; also because the order of January 16, 1957 was vague and uncertain in that it did not designate against whom, nor in favor of whom, it was entered.

With respect to the contention that there was no finding that the temporary injunction was wrongfully issued, defendants cite recent Illinois decisions holding that where the complaint is inherently defective and does not support the injunctive relief sought, and the temporary injunction is dissolved, there is a legal presumption that it was wrongfully issued. We so held in United Mail Order, etc. v. Montgomery Ward & Co., 6 Ill.App.2d 477. In another recent case, Liberty National Bank of Chicago v. Newberry, 6 Ill.App.2d 252, the court pertinently observed that "where a motion to dissolve was made, heard and granted, it was conclusive that the issuance of the injunction was wrongful." Also, in Schuler v. Wolf, 372 Ill. 386, the court said: "The judgment of the Appellate Court directing the dissolution of the temporary injunction, and the order of the trial court entered pursuant to that mandate, is conclusive that the temporary injunction was wrongfully issued." See also Landis v. Wolf, 206 Ill. 392, wherein the court found that the dismissal of the bill and the dissolution of the injunction were conclusive that the injunction was wrongfully sued out.

 The rule is well established in this State that in order to be entitled to damages for wrongful issuance of a temporary injunction it is necessary only that a dissolution be entered before a final hearing on the merits. In Schien v. City of Virden, 5 Ill.2d 494, it was held that damages claimed under section 12 of the Injunction Act (Ill. Rev. Stat. 1957, ch. 69) must be based on the wrongful issuance of the temporary injunction and cannot be assessed until there has been a determination that the temporary injunction was wrongfully issued. "This," said the court, "is attained

378

by the dissolution of the temporary injunction before the determination on the merits." The rule is also well established that where a temporary injunction is dissolved, the defendant is entitled to suggest his damages and have them assessed, whether the case has been disposed of on the merits or not. Abel v. Flesher, 296 Ill. 604; People v. Eisenberg, 288 Ill. 304.

■ To counter plaintiffs' second contention that the order of January 16, 1957 awarding damages was vague and uncertain, defendants cite Bell Discount Corp. v. Pete Weck's Auto Service, 4 Ill.App.2d 397, where the court held that a judgment for or against a defendant is sufficient if his name can be ascertained without ambiguity from the record. See also the early case of Brown v. Peterson, 117 Ill. App. 401. We think the judgment in this case conforms to the rule laid down in these decisions. Some of the original parties were dismissed or withdrew from the proceeding before the final hearing on the assessment of damages, and it is urged by plaintiffs that this renders the judgment void. Paragraph 50 (7) of the Practice Act [Ill. Rev. Stats. ch. 110.], as amended in 1955, gives courts the power to set aside or modify a judgment as to some of the parties and to allow the judgment to stand as to those remaining. In the most recent decision sustaining this provision of the statute, Chmielewski v. Marich, 2 Ill.2d 568, it was held that "when a judgment or decree against two or more defendants is vacated as to one of them, it need not for that reason alone be vacated as to any of the others, and should not be vacated as to any of the others unless it appears that because of an interdependence of the rights of the defendants or because of other special factors it would be prejudicial and inequitable to leave the judgment standing against them."

■ Defendants argue that plaintiffs seek to invoke the provisions of section 72 in lieu of the remedy of

appeal from the judgment awarding damages. It was recently held in Glenn v. People, 9 Ill.2d 335, that the purpose of a petition or motion under section 72 is to bring before the court rendering the judgment matters of fact not appearing in the record which, if known to the court at the time the judgment was entered, would have prevented its rendition. We find nothing in the petition filed by plaintiffs indicating that there are any errors of fact not appearing of record which would justify invoking this section of the statute; nor does it show that they are entitled to other relief. It was incumbent upon plaintiffs to set forth specifically in their petition any errors of fact not appearing of record; this they failed to do.

For the reasons indicated we are of the opinion that the court properly overruled plaintiffs' motion to set aside the order of January 16, 1957, and accordingly the order of the Superior Court is affirmed.

Order affirmed.

BRYANT and BURKE, JJ., concur.