(No. 30384.—)
A. F. WHITNEY, Appellant, *vs.* T. M. MADDEN, Appellee.

*Opinion filed May 20, 1948.*

WILLIAM H. DEPARCQ, of Minneapolis, Minn., and ROBERT MARTINEAU, of Chicago, (TOM DAVIS, and DONALD T. BARBEAU, both of Minneapolis, Minn., of counsel,) for appellant.

MARTIN HUGHES, of Hibbing, Minn., F. J. ROSEMEIER, of Virginia, Minn., and BELL, BOYD & MARSHALL, of Chicago, (THOMAS L. MARSHALL, and CHARLES T. MARTIN, JR., both of Chicago, of counsel,) for appellee.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

This is a direct appeal from the superior court of Cook County by A. F. Whitney, plaintiff-appellant, in an action for libel against T. M. Madden, defendant-appellee, from an order of that court dismissing the complaint on the doctrine of *forum non conveniens.* Appellant contends the order violated section 2 of article IV and the fourteenth amendment to the constitution of the United States.

The complaint alleged that the defendant Madden, a resident of the State of Minnesota, sent a telegram from International Falls, Minnesota, to the plaintiff, Whitney, at his residence in Cleveland, Ohio, which telegram allegedly contained false and libelous matter, to the damage of the plaintiff at Chicago, Cook County, Illinois, and elsewhere, to the extent of $100,000. The defendant was served with a summons in Cook County, Illinois, while spending the night as a guest in a Chicago hotel and while in transit from one part of the United States to another. The de-

fendant, by his counsel, entered special and limited appearance and filed a motion urging the trial court to decline jurisdiction of the case and to dismiss the complaint, because of the doctrine of *forum non conveniens*. The motion was supported by an affidavit setting forth that plaintiff and defendant were both nonresidents of the State of Illinois; that the cause of action, if any, arose outside the State of Illinois; that it would impose a great hardship upon the defendant to have his case tried in the State of Illinois where he and his witnesses would be forced to travel great distances and live in temporary and expensive quarters for an extended period of time; that the courts of Illinois would be required to pass upon laws of other States; that the defendant has not been a resident of the State of Illinois, has not done business in the State of Illinois and owns no property in the State; that punitive damages are demanded and it is contrary to the public policy of this State to entertain such actions which arise outside the State of Illinois.

The trial court considered the motion and the affidavit, heard the argument of counsel on both sides and entered the following order: "IT IS HEREBY ORDERED, the court having heard the arguments of counsel for both sides and having considered the plaintiff's argument that to allow this motion would be to violate alleged constitutional rights of the plaintiff under Article IV, Section 2 of the Constitution of the United States, that jurisdiction of this cause be, and the same is hereby declined, because of the doctrine of forum non conveniens and the cause is accordingly dismissed, and it is HEREBY ORDERED, that this order supersedes and rescinds an earlier order entered this same day."

The plaintiff contends that the order of the trial court violated his constitutional rights under section 2 of article IV and section 1 of the fourteenth amendment to the Federal constitution. Section 2 of article IV provides:

"The Citizens of each State shall be entitled to all the Privileges and Immunities of Citizens in the several States." The pertinent portion of the fourteenth amendment reads as follows: "Section 1. * * * No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; * * *."

The Supreme Court of the United States held in some of its earliest decisions, and maintains today, that one of the constitutional privileges guaranteed in the two provisions above is the free access of every citizen of the United States to the Federal courts and the courts of the several States. (*Corfield* v. *Coryell,* 4 Wash. U. S. Cir. Ct. Rep. 371; *Paul* v. *Virginia,* 8 Wall. 168; *McKnett* v. *St. Louis and San Francisco Railway Co.* 292 U.S. 230; 78 L. ed. 1227.) The privileges of citizenship in the United States are consistent in the various States, whether or not the citizen is also a resident of the State in which he seeks a redress of his wrongs. This court has, on many occasions, recognized the duty of the judicial system in this State toward litigants whose residence was in a sister State and no one has been denied access to our courts by virtue of his nonresident status. (*Marallis* v. *City of Chicago,* 349 Ill. 422.) The nonresident litigant has the right to have the substantive law of the State in which the cause of action arose applied to the facts in issue; such law to be proved as any other fact. *Edwards* v. *Schillinger,* 245 Ill. 231.

In the case of every constitutional privilege the mandates of organized society require certain limitations, wherein they must be exercised and granted with discretion. Freedom of speech and of the press are privileges of the citizens of the United States and are equally available in each of the States to residents and nonresidents alike. But those who speak and write freely must be responsible for what they publish; and, indeed, if their publications are treasonable they must answer to the government for their conduct.

Similarly, the privilege of free access to the courts must be tempered with reasonable limitations. If the relief sought is against the law of the State in which the action is filed, albeit legal in the State in which the cause of action arose, the relief will be denied. The rule is the same where the relief sought is repugnant to good morals, public policy or natural justice. (*Wall* v. *Chesapeake and Ohio Railway Co.* 290 Ill. 227.) If it is determined that the judgment in this State is difficult or impracticable of enforcement in the jurisdiction wherein the ultimate relief is to be realized, the use of the local forum will be denied in the interest of practical justice. *Babcock* v. *Farwell,* 245 Ill. 14.

Many jurisdictions have added the limitation that if it is apparent that an appropriate forum is available and the relief is sought in the local courts by a nonresident against a nonresident for a transaction which occurred outside the territorial boundaries of the State, for the purpose of frustrating the defendant, or if the bringing of the action unduly burdens the defendant or cause him great and unnecessary inconvenience, or unnecessarily burdens the court, the trial court may, in its discretion, decline the jurisdiction of the case, even though it may have proper jurisdiction over all parties and the subject matter involved. This is the doctrine of *forum non conveniens.* The Federal courts have recognized the application of this doctrine and have found it not repugnant to section 2 of article IV, and section 1 of the fourteenth amendment of the constitution of the United States.

In *Gulf Oil Co.* v. *Gilbert,* 330 U.S. 501, 91 L.ed. 755, the Supreme Court of the United States had before it a case in which the plaintiff, a resident of Virginia, brought suit in New York for tort arising out of an act of negligence of a Virginia corporation which was licensed to do business in New York, the act of negligence having occurred in Virginia. The District Court in New York declined

jurisdiction upon the doctrine of *forum non conveniens,* which action was approved by the Supreme Court of the United States, and which case affirmed the earlier cases of *Broderick* v. *Rosner,* 294 U.S. 629, 79 L. ed. 1100, and *Williams* v. *State of North Carolina,* 317 U.S. 287, 87 L. ed. 279, which latter cases established the constitutionality of the reasonable application of the doctrine. Likewise the rule has been adopted by many States. *Collard* v. *Beach,* 81 N.Y.S. 619; 14 Amer. Juris. 424.

In the instant case, the trial court had before it a complaint for libel showing that the cause of action, if any, arose out of a transaction which occurred outside the State of Illinois. It had before it an unchallenged affidavit that the interested parties were residents of other States; that defendant had no property and conducted no business in this State; and that defendant would be placed at a great inconvenience and would be unduly burdened by the prosecution of litigation in this State. It had before it the practicability of the enforcement of any judgment it might enter, as against property of the defendant in other States and the necessity of multiplicity of suits for final recovery. The trial court exercised its discretionary powers and declined jurisdiction over the cause of action. The question of abuse of judicial discretion is always subject to review in this court, (*Black Hawk Motor Transit Co.* v. *Illinois Commerce Co.* 383 Ill. 57, at p. 66,) but where the trial court has the power of judicial discretion and exercises it without abuse, and within the scope of the law, such action will not be disturbed by the reviewing courts. *People ex rel. Kessinger* v. *Burrell,* 308 Ill. 600; *McMahan* v. *Trautvetter,* 305 Ill. 395.

We find no abuse of the discretionary powers in this record, and therefore the judgment of the trial court is affirmed.

*Judgment affirmed.*