**E. Richard Bagarozy, Appellant, v. Maria Caligeropolous Meneghini, Theatrically Known as Maria Callas, and Capitol Records Distributing Corp., Appellees.**

**Gen. No. 46,700.**

First District, Third Division.

November 23, 1955.

Released for publication February 24, 1956.

I. Harvey Levinson and Melvin E. Levinson, of Chicago, for appellant.

Thomas H. Fisher, of Chicago, for appellees.

PRESIDING JUSTICE LEWE delivered the opinion of the court.

Plaintiff, a resident of New York, filed an action for breach of a written contract, against Maria Caligeropolous Meneghini, an opera singer professionally known as Maria Callas and a citizen of the United States but residing in Italy. Defendant Callas was personally served with process in Cook County, Illinois. Joined with her as original parties defendant were The Lyric Theatre of Chicago, an Illinois corporation, and Capitol Records Distributing Company and Angel Records a division of Electrical and Musical Industries, Ltd., both foreign corporations.

Defendant Callas filed a special appearance contesting the jurisdiction of the court. Capitol Records an-

swered admitting that it is a foreign corporation authorized to do business in Illinois and that it sells and distributes records containing operatic arias recorded by defendant Callas, but denies that it has contractual relations with defendant Callas and that there were moneys due her. Lyric Theatre filed a motion to dismiss the complaint pursuant to sections 7 and 48 of the Civil Practice Act [Ill. Rev. Stats. 1953, ch. 110, §§ 131, 172; Jones Ill. Stats. Ann. 104.007, 104.048]. Subsequently by agreement an order was entered dismissing defendant Lyric Theatre and Electrical and Musical Industries and on the same day that these parties were dismissed the court dismissed the complaint. Plaintiff appeals.

The material allegations of the complaint are as follows: Plaintiff, an attorney with wide experience in the theatrical profession, met defendant Callas in 1945. She was then residing in New York City. At the request of defendant Callas plaintiff's wife, an experienced "voice coach" gave her voice lessons for a period of approximately eighteen months. In 1947 plaintiff "arranged to launch" the career of defendant Callas as an opera singer and "in furtherance" of her career plaintiff expended about $85,000.

July 13, 1947 plaintiff and defendant executed a written agreement which provided in substance that plaintiff was to be defendant's exclusive theatrical agent for a period of ten years with compensation of ten per cent of the gross fees subject to certain deductions not material here. Shortly after executing the agreement defendant left for Europe and has not returned to the continental limits of the United States except for an engagement at Chicago, Illinois, where she has agreed to appear under the auspices of the Lyric Theatre during the month of November 1955; that renditions of various operatic arias are being sold and distributed within this jurisdiction by Capitol

287

Records and Angel Records, for which sums of money are due defendant.

The complaint further alleges that defendant remained out of the United States for the purpose of avoiding process, and that she has refused to carry out the terms of the written agreement.

The prayer of the complaint asks that the court declare the written agreement between the parties to be valid, and for an accounting to plaintiff for all moneys and property received by defendant; and that defendant, her agents and attorneys, be restrained from contracting for services or accepting any engagements in any form of theatrical enterprise unless such engagement is approved by plaintiff.

A memorandum opinion filed by the trial court stated the following grounds for dismissing the complaint: (1) That the venue in this action is not properly in this forum by virtue of the provisions of the Illinois Venue Act; (2) That plaintiff is not deprived of any constitutional right; and (3) That the cause of action comes within the doctrine of *forum non conveniens*.

No affidavits or pleadings were filed by defendant Callas except the special appearance, nor did she adopt the motion of the Lyric Theatre to dismiss. In making its ruling the court appears to have considered the motion and affidavit filed by the Lyric Theatre of Chicago challenging the jurisdiction of the court.

The basic issue presented is whether proper venue for plaintiff's action is in Cook County. The pertinent provision of Section 131, Chapter 110, Illinois Revised Statutes 1953, State Bar Edition, reads: "Every civil action shall be commenced in the county . . . in which the transaction or some part thereof occurred out of which the cause of action arose. . . ."

The foregoing provision of Section 131 was first construed by this court in La Ham v. Sterling Canning

Co., Inc., 321 Ill. App. 32. In that case plaintiff La Ham, a resident of Winneconne, Wisconsin, filed his complaint in the Circuit Court of Cook County, Illinois against Sterling Canning Company, an Illinois corporation having its principal office in Sterling, Whiteside County, Illinois, John W. and John C. Thrall, residents of Winneconne, Wisconsin, Douglas H. Thrall a resident of Rock Falls, Whiteside County, Illinois, and two other defendants residents of Wisconsin, seeking to establish himself as the owner of one-third of the shares of the Canning Company alleged to have been acquired by purchase with funds contributed in equal parts by him and John W. and Douglas H. Thrall pursuant to an oral agreement entered into in Winneconne, Wisconsin. John W. and Douglas Thrall appeared specially to contest the jurisdiction of the court on the ground that the principal office of the Canning Company was in Whiteside County, that none of the defendants resided in Cook County, and that no part of the transaction out of which the plaintiff alleges his cause of action arose occurred in Cook County but that the transaction occurred at Sterling, Illinois or Winneconne, Wisconsin.

The question presented there was whether the court properly ruled that that part of the transaction out of which the cause of action arose occurred in Cook County. It appears that the only part of the transaction alleged to have occurred in Cook County related to the acquisition of the Canning Company in Chicago, where negotiations between the plaintiff and the Thralls took place. The wrongful acts alleged occurred after the purchase of the Company and took place either in Sterling, Illinois, or Wisconsin. Plaintiff argued that the "transaction" embraces the entire series of transactions and if any of them occurred in Cook County the court had jurisdiction. The court said, at page 44:

"The word 'transaction' in the statute is modified by the phrase 'out of which the cause of action arose' and if no cause of action can be said to have arisen out of any of the events that occurred in Cook County, all of which were perfectly amicable and in accordance with the agreement of the parties, then no part of the transaction can be said to have occurred here within the meaning of the statute."

Continuing further, the court in adverting to Craft Refrigerating Mach. Co. v. Quinnipiac Brewing Co., 63 Conn. 551, 25 L. R. A. 856, said:

"A 'transaction' is something which has taken place, whereby a cause of action has arisen . . . and by which the legal relations of such persons between themselves are altered."

To the same effect are Heldt v. Watts, 329 Ill. App. 408, Schmelzle v. Transportation Inv. Corp., 341 Ill. App. 639, First Nat. Bank of Lacon v. Bauer Poultry Corp., 345 Ill. App. 315, and the most recent case, Christopher v. West, 345 Ill. App. 515, where the court in construing the provision of Section 131 here involved cited La Ham v. Sterling Canning Company, 321 Ill. App. 32 and Schmelzle v. Transportation Inv. Corp., 341 Ill. App. 639 with approval.

Here defendant argues that the transaction out of which the contract arose occurred "in New York and/or Italy," and therefore no part of the transaction occurred in Illinois. We think defendant's position is untenable, for the reason that plaintiff's suit is not based on the transaction out of which the contract arose. Plaintiff's cause of action, according to the allegations of the complaint, arose from the transaction resulting in the breach of the contract which occurred when the defendant Callas agreed to appear under the auspices of the Lyric Theatre of Chicago, in Cook

County, and refused to pay the commission due plaintiff under the terms of the agreement.

█ Under the authorities last cited we are impelled to hold that the proper venue for plaintiff's action is in Cook County.

In view of our conclusion it was not necessary for plaintiff to join with defendant Callas any residents of Illinois as parties defendant in order for the Circuit Court to acquire jurisdiction.

Plaintiff contends that the trial court improperly applied the doctrine of *forum non conveniens*. The allegations of the complaint and plaintiff's verified answer supported by affidavit show that defendant Callas is not amenable to process except in Cook County, Illinois.

Paragraph Seven of the complaint charges that "prior to her departure for Europe defendant Maria Callas and plaintiff, in order to formalize their understanding and oral agreement, entered into a contract in writing." The agreement is attached to the complaint and made a part thereof. Nowhere in the complaint nor in the written agreement is there any language from which it could reasonably be inferred that, in the event plaintiff was entitled to relief, suit therefor "would or might necessarily" be brought in an Italian forum.

█ The doctrine of *forum non conveniens* can never apply if there is an absence of jurisdiction or mistake of venue. In all cases in which this doctrine comes into play it presupposes at least two forums in which the defendant is amenable to process. It furnishes criteria for choice between them. The court will weigh the relative advantages and obstacles to a fair trial. The plaintiff may not by choice of a convenient forum vex, harass or oppress the defendant by inflicting upon him expense or trouble necessary to his own right to pursue his remedy but unless the balance is

291

strongly in favor of the defendant the plaintiff's choice of forum should rarely be disturbed. (Gulf Oil Corp. v. Gilbert, 330 U. S. 501.) To the same effect see Thistle v. Halstead, 95 N. H. 87. The ultimate inquiry is where trial will best serve the convenience of the parties and the end of justice. (Koster v. Lumbermen's Mut. Casualty Co., 330 U. S. 518.) Ordinarily the courts will not decline jurisdiction on a cause of action *ex contractu* involving foreign elements. 87 A. L. R. 1426.

In applying the doctrine of *forum non conveniens* the trial court rested its decision on Whitney v. Madden, 400 Ill. 185. There the defendant Madden, a resident of the State of Minnesota, sent a telegram from Minnesota to the plaintiff Whitney at his residence in Ohio. The telegram was alleged to contain false and libelous matters to the damage of the plaintiff at Chicago, Cook County, Illinois, and elsewhere. The defendant was served with summons in Cook County while spending the night as a guest in a Chicago hotel while in transit. We think the facts of that case are readily distinguishable from the facts in the present case. In the case at bar plaintiff and defendant are both citizens of the United States. Defendant Callas concedes that the written agreement here in question was made in New York and is governed by the laws of New York. But she asserts that all the issues that might arise are at least as easily determinable in the courts of Italy as in Illinois. No proof was offered to support this assertion. Moreover, the trial of a civil suit in Italy is not an adversary proceeding as we understand that term. See Rules of Evidence Under the New Italian Civil Codes, Hammelmann, 29 Journal of Comparative Legislation and Int. Law, 1947, page 39.

In Whitney v. Madden it was apparent that an appropriate forum was available to plaintiff in another State. In that case our Supreme Court in recognizing

the constitutional guarantee of the right of every citizen of the United States to free access to the federal and state courts of the several States, said, at page 188:

"The privileges of citizenship in the United States are consistent in the various States whether or not a citizen is also a resident of the State in which he seeks to redress his wrongs. This court has on many occasions recognized the duty of the judicial system in this State toward litigants whose residence was in a sister State and no one has been denied access to our courts by virtue of his nonresident status."

Relegating plaintiff, an American citizen, to the courts of Italy to determine the issues involved in this case would not, in our view, furnish an appropriate forum available to plaintiff justifying invocation of the doctrine of *forum non conveniens* as defined in Whitney v. Madden.

█ Defendant Callas also complains that plaintiff failed to file security for costs as provided in Section 1, Chapter 33, Illinois Revised Statutes 1953 [Jones Ill. Stats. Ann. 107.038], State Bar Edition. The record does not show that this question was raised, argued or determined in the trial court. Therefore we shall not consider it. We have considered the other points urged but find no merit in them.

For the reasons stated, the judgment is reversed and the cause is remanded for further proceedings.

Reversed and remanded for further proceedings.

FEINBERG and KILEY, JJ., concur.