Leonard D. Giseburt, Plaintiff-Appellee, v. Chicago, Burlington and Quincy Railroad Company, a Corporation, Defendant-Appellant.

Gen. No. 63–O–17.

Fourth District.

December 11, 1963.

Rehearing denied February 5, 1964.

Carl W. Krohl, and Jerome F. Dixon, of Chicago, G. Gordon Burroughs, Burroughs, Simpson & Burroughs, of Edwardsville, for appellant.

Meyer & Meyer, of Belleville, O. R. Newcomer, of St. Joseph, Missouri, and Jo B. Gardner, of Monett, Missouri, for appellee.

HOFFMAN, JUSTICE.

This is a personal injury action brought by plaintiff for injuries he received when struck by one of defendant's trains at a grade crossing.

The accident occurred within the city limits of St. Joseph, Missouri near the hour of 6:00 p. m. on the evening of October 16, 1959. The grade crossing consisted of 3 sets of tracks across which plaintiff was driving when he was struck by one of defendant's passenger trains traveling approximately 79 miles per hour. The crossing was only protected by a watchman. The facts were disputed as to his exact presence and as to how obstructed the crossing's view was. A city ordinance restricting a train's speed to 20 miles per hour in the city was introduced.

The suit was filed by the plaintiff, a resident of St. Joseph, Missouri, in the Circuit Court of Madison

County, Illinois and resulted in a verdict in favor of plaintiff, from which defendant appeals.

Defendant's principal complaint here is that the trial court denied its motion to dismiss the cause, on the grounds of forum non conveniens, which motion was presented immediately after the complaint was filed. The motion, supported by affidavit, sets forth that the accident happened approximately 350 miles away from the Illinois forum selected by plaintiff and was filed in Illinois to vex the defendant. The defendant alleged that it intended to call 10 witnesses, all of whom resided in or near St. Joseph, Missouri. It sets forth the names of the witnesses and a summary of their testimony. It pointed out the inability of the Illinois court to subpoena the Missouri witnesses; set forth that trial by depositions would be ineffective; that unjustified expense would be incurred in bringing the witnesses to the place of trial; that there was no relevant connection between the cause of action and the forum chosen; that there would be law applicable with which the Illinois courts and the attorneys would be unfamiliar; that the courts in Missouri were current and the plaintiff could be afforded immediate trial; that the docket in Illinois was crowded; that an Illinois jury could not have the opportunity of viewing the scene of the accident, whereas a Missouri jury is afforded this privilege; and that the taxpayers of Illinois would be standing the expense of a trial for a case which occurred outside the state.

In objection, plaintiff filed an affidavit denying that the selection of the forum was vexatious and stating that the defendant was an Illinois corporation which ran railroads in Illinois, had legal counsel and claim representatives in Illinois and that its principal place of business was in Chicago.

Our Supreme Court has approved the application of the doctrine of forum non conveniens in this state.

Whitney v. Madden, 400 Ill 185, 79 NE2d 593; Cotton v. Louisville & Nashville R. Co., 14 Ill2d 144, 152 NE2d 385. The doctrine, generally speaking, "deals with the discretionary power of the court to decline to exercise a possessed jurisdiction whenever, because of varying factors, it appears that the controversy may be more suitably or conveniently tried elsewhere." (Cotton v. Louisville & Nashville R. Co., 14 Ill2d 144, at page 150, 152 NE2d 385, at page 388.)

"The decision as to whether the facts of a particular case warrant dismissal of the cause under the doctrine of forum non conveniens lies primarily with the discretion of the trial court. The trial court's discretionary action in retaining or declining jurisdiction is subject to reversal on appeal only where there has been an abuse of discretion." (Cotton v. Louisville & Nashville R. Co., 14 Ill2d 144, at page 159, 152 NE2d 385, at page 392.)

█ In the Cotton case, wherein the late Mr. Justice Bristow exhaustively reviewed state and federal authorities, the Supreme Court laid down the rule to be followed in determining whether or not a motion to dismiss based upon forum non conveniens should be allowed. This rule, following from Mr. Justice Frankfurter's dissent in Pope v. Atlantic Coast Line Railroad Co., 345 US 379, is that the motion should be allowed if the choice of the forum is purely vexatious, but should be denied when there is a relevant connection between the litigation and the forum chosen.

Although the opinion in Cotton does not in detail set down the factors to be considered in determining whether or not there is such a relevant connection, Mr. Justice Jackson in Gulf Oil Co. v. Gilbert, 330 US 501, quoted with approval in Cotton, does so in these words:

"Important considerations are the relative ease of access to sources of proof; availability of compul-

sory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive . . . . Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not be imposed upon the people of a community which has no relation to the litigation . . . . There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having the court in some other forum untangle problems in conflict of laws, and in law foreign to itself."

In addition, we point out that Mr. Justice Schaefer, in his dissent in Cotton, says that the court should consider "first the relative capacities of the two forums to furnish the essentials of a fair trial, such as the power to compel the attendance of witnesses and the production of documents and to afford the jury an opportunity to view the scene if that is appropriate, and second, the relative convenience of the witnesses and the parties." (Cotton v. Louisville & Nashville R. Co., 14 Ill2d 144, at page 176, 152 NE2d 385, at page 401.)

Before we examine into the instant case, we point out that in Cotton, a case arising under the Federal Employers' Liability Act and deriving special venue jurisdiction from Section 6 of said Act, the court found that forum non conveniens was inapplicable: Firstly, because defendant's affidavits were insuffi-

266

cient to support the motion, and secondly, because of the peculiar facts involved.

Because the plaintiff has not attacked the insufficiency of defendant's affidavits in the instant case we need not dwell on that point here. With regard to the facts, the Supreme Court found in Cotton that plaintiff had employed an attorney from the forum selected (East St. Louis) who was a regional counsel for the Railroad Brotherhood and a lawyer of wide experience in cases of the character involved, and further found that immediately across the river in St. Louis there was located a well-known medical center containing the source of expert medical testimony which was "frequently the paramount issue in F.E.L.A. cases." The court then decided, that by virtue of these facts, the plaintiff had not commenced his suit in East St. Louis for the purpose of inconveniencing or harassing the defendant, but had commenced it there for his own advantage.

■ Turning to the case before us we find that the plaintiff was represented at the trial by three lawyers, one from Illinois, one from Monett, Missouri and the other from St. Joseph, Missouri. St. Joseph and Monett are approximately 350 miles from Edwardsville, the site of the forum chosen. The trial of the case and the taking of the evidence depositions that were introduced was carried on for the plaintiff entirely by the Missouri lawyers. The Illinois lawyer did not interrogate a single witness at the trial, did not take any deposition and did not make an objection at the trial. We further point out that in an affidavit to extend the time to file the brief in this court, the Illinois lawyer stated that one of the Missouri lawyers was plaintiff's chief attorney. Such being the case, one of the chief distinguishing factors present in the Cotton case is not found to be present in this case. Actually the trial of this case in Illinois by the distant

267

Missouri attorneys must have been at an inconvenience to the plaintiff.

We next point out that not a single witness called by the plaintiff was from Illinois or from any nearby point in Missouri. One was from Kansas City and all of the rest were from the St. Joseph vicinity. Here, too, it would appear to us that it would have been far more convenient for the plaintiff, insofar as the production of his witnesses was concerned, to have tried his case in western Missouri. With regard to the witnesses, all of the defendant's witnesses were from the St. Joseph area. Five of these were employees brought to Edwardsville for trial which required the defendant to pay their expenses and wages while they were gone, make arrangements for others to perform their work during their absence and to pay the wages of the substitutes. Two of the defendant's witnesses could not be produced personally and the defendant was forced to rely upon their evidence depositions.

Thus, insofar as the relative convenience of the witnesses is concerned, it appears manifestly clear to us that it would have been much more convenient and far less expensive to have tried this case in western Missouri.

We further point out that in Missouri, the court may permit a jury to visit the premises involved. State ex inf. McKittrick ex rel. Chambers v. Jones, 353 Mo 900, 185 SW2d 17. Because the case was filed in Illinois, the defendant was foreclosed from requesting that the jury visit the premises involved. In view of the fact that there was a serious disagreement as to whether or not the crossing was obstructed, the visiting of the same by the jury might well have been vital in this case. One of the factors heavily relied on in the cases is the availability of the opportunity in said jurisdictions for the jury to view the premises.

268

Finally, regarding the instant case, we point out that the Illinois courts were burdened with passing upon Missouri law. The question of plaintiff's contributory negligence as a matter of law was directly involved. Secondly, the question of the liability of the railroad which in one count of the complaint was charged with wilful and wanton conduct, was involved. Thirdly, the question of the introduction of the city ordinance regarding the speed of the defendant's train through the city was involved. Along this line, we point out that the Missouri Public Service Commission Act has never been held by the Supreme Court of Missouri to have superseded the local authorities power to regulate a train's speed, as it has been held to do so in Illinois, and that in this case there were strong arguments that such a ruling be made.

It is quite obvious to us and it is apparent from the briefs that serious questions involving the interpretation of Missouri law are involved in this case. In such event there is a singular appropriateness in trying a case in the state whose laws govern. The legal problems confronting a court are among the primary factors to be considered in applying the doctrine of forum non conveniens. Koster v. Lumbermen's Mut. Cas. Co., 330 US 521.

The plaintiff in his brief, and when questioned upon oral argument, categorically stated that the only reason for bringing this case to Illinois was the new system of jury instructions which now prevails in this state pursuant to Supreme Court Rule 25–1. He argued that the new Illinois Pattern Instructions prevented the reversals so common in many states because of improper jury instruction. He could show no convenience to himself, other than this. His entire argument was an attempt to defend against the charges of expense, harassment and vexation brought by the

defendant. We know of no court which has refused to apply forum non conveniens because of an inability of the lawyers to draft proper instructions.

We are well aware of the fact that few reviewing courts, if any, have ever reversed the discretion which is exercised by a judge in a forum non conveniens ruling. But were we not to do so in this case, the doctrine of forum non conveniens in this state would be emasculated. There is not one factor which justifies bringing this case across the entire length of Missouri to Illinois. The plaintiff does not point to one inconvenience or injustice to him upon a denial of jurisdiction here. He did not come here to employ counsel and to secure medical witnesses. Every one of his witnesses lived in St. Joseph or Kansas City, Missouri, at least 350 miles away, and his counsel came from considerable distance. He could have secured jurisdiction over the defendant in the local Missouri courts or in the Federal District Court in the vicinity. His statute of limitations has until October, 1964 to run.

But by bringing this case to Illinois, the plaintiff has chosen a forum which is purely vexatious to the defendant and which imposes unnecessary burdens upon Illinois courts. He has prevented the defendant from allowing the jury to visit the scene of the accident and has imposed considerable unnecessary expense upon the defendant to produce witnesses. He has required our courts to unravel foreign and unfamiliar law. He has taken up the time of our judges and imposed trial expenses upon our people.

Everyone of the salient factors bearing upon the applicability of the doctrine of forum non conveniens discussed in this opinion and considered determinative by us was, or should have been, apparent to the trial judge at the time of the hearing upon the motion to dismiss.

We find that there is no revelant connection between the litigation and the forum chosen; that, in

270

the words of the Cotton opinion, "an unnecessary hardship and inconvenience" has been "cast upon the railroad without a compensatingly fair convenience to the plaintiff."

The judgment is reversed and the cause remanded with directions to allow defendant's motion to dismiss.

Reversed and remanded with directions.

CULBERTSON, P. J. and SCHEINEMAN, J., concur.