McDONALD's CORPORATION et al., Plaintiffs-Appellants, v. SAMUEL D. SMARGON et al., Defendants-Appellees.

(No. 60968;

First District (3rd Division)—August 7, 1975.

494

Freeman, Freeman & Salzman, of Chicago (Lee A. Freeman and Jerrold E. Salzman, of counsel), for appellants.

Beverly, Pause, Duffy & O'Malley, of Chicago (John R. Patterson, of counsel), for appellees Samuel D. Smargon and Snograms, Inc.

James R. Levin, of Friedman & Koven, of Chicago, for appellee Harry B. Smargon.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiffs, McDonald's Corporation and McDonald's System, Inc., appeal from an order of the trial court dismissing their complaint against defendants, Samuel D. Smargon, Harry B. Smargon and Snograms, Inc., under the doctrine of *forum non conveniens.* The complaint sought to compel defendants' compliance with certain standards and business practices incorporated by reference into a franchise agreement between the parties, and alternatively sought other relief.

Plaintiffs contend on appeal that the trial court erred in applying the doctrine of *forum non conveniens* because jurisdiction over one of the defendants could not be obtained in the alternative forum; the moving defendants did not meet the burden of demonstrating the inconvenience of the forum selected; and the moving defendants waived the right to assert the doctrine by delay and by submission to and reliance upon the jurisdiction of the forum selected. The pertinent facts follow.

On September 12, 1961, defendants Samuel D. Smargon and Harry B. Smargon entered into a franchise agreement and property sublease with plaintiffs in Chicago. The franchise agreement and sublease encompassed the operation of a restaurant at 771 New Circle Road, N.E., Lexington,

Kentucky. Samuel D. Smargon is a resident of Kentucky, and Harry B. Smargon is a resident of Illinois.

On December 7, 1961, with the consent of the plaintiffs, Samuel D. Smargon and Harry B. Smargon assigned their rights under the franchise agreement and sublease to defendant Snograms, Inc., and each expressly agreed to remain personally liable for the performance by Snograms, Inc., of the covenants contained in the franchise agreement. Snograms, Inc., is an Illinois corporation owned equally by Samuel D. Smargon and Harry B. Smargon. The latter is president of the corporation, partakes of its profits, but does not participate in any of the operations of the restaurant franchise.

On May 3, 1974, plaintiffs filed a complaint for equitable relief and for an injunction, charging that the defendants had consistently refused to operate the restaurant in compliance with the franchise agreement. In particular, the complaint alleged that defendants had refused to dispose of unsold food products in accordance with the times prescribed in the Operations and Training Manual which they were required to observe under the terms of the franchise agreement. A hearing on plaintiff's motion for a preliminary injunction was set for May 23, 1974. Defendants then initiated discovery of certain of plaintiffs' business records and took the deposition of John Argona, an employee of McDonald's System, Inc., who had been responsible for the most recent inspection of the franchised restaurant. On May 23, 1974, a preliminary injunction was entered by agreement of the parties, requiring that defendants conform to the specified "holding times" for unsold food products. The cause was then set for trial on July 23, 1974.

Subsequent to the entry of the preliminary injunction plaintiffs secured the depositions of defendant Samuel D. Smargon, his daughter, Sunni Cox, and his son-in-law, Patrick Cox. The daughter and her husband were employed as managers of the restaurant. In these depositions it was admitted that the restaurant had not been operated in compliance with the prescribed holding times for unsold food products; that these holding times were viewed by the deponents as improper; and that the holding times had only recently been complied with under the compulsion of the preliminary injunction. Defendants also instituted further discovery by interrogatory. With the completion of all discovery defendants answered the plaintiffs' complaint. Defendant Harry B. Smargon filed a separate answer.

On July 12, 1974, defendants Samuel D. Smargon and Snograms, Inc., moved that the complaint be dismissed under the doctrine of *forum non conveniens*, and in support of their motion that Kentucky would be a more appropriate forum than Illinois, filed a brief and an affidavit. The

affidavit listed approximately 35 potential witnesses, many of whom were from the Lexington, Kentucky, area, whom defendants might call to testify. None of the potential witnesses, however, was listed in the affidavit as being expected to testify concerning the observance of the prescribed holding times for unsold food products. Plaintiffs filed a counteraffidavit which listed as potential witnesses certain employees of plaintiffs who had either inspected the restaurant or who were familiar with the purposes behind the prescribed holding time requirements. Defendant Harry B. Smargon also filed a memorandum in opposition to the motion to dismiss the complaint, which stated that he was not amenable to service of process in Kentucky and would not submit to the jurisdiction of the courts of that state.

On July 22, 1974, a hearing on defendants' motion was held. No evidence was presented at the hearing, but the trial court did entertain arguments by the respective attorneys concerning the propriety of dismissing the complaint and the applicability of the Kentucky long-arm statute to defendant Harry B. Smargon. The trial court then entered an order dismissing plaintiffs' complaint under the doctrine of *forum non conveniens*. The preliminary injunction was preserved pending the outcome of the instant appeal.

■■ Plaintiffs initially contend that the trial court erred in applying the doctrine of *forum non conveniens* to the instant complaint because jurisdiction over one of the defendants, Harry B. Smargon, could not be obtained in the suggested alternative forum, Kentucky. The doctrine presupposes the existence of at least two alternative forums in which jurisdiction over the defendants to an action may be secured. (*Lonergan v. Crucible Steel Co. of America* (1967), 37 Ill.2d 599, 229 N.E.2d 536; *Bagarozy v. Meneghini* (1955), 8 Ill.App.2d 285, 131 N.E.2d 792.) This is a threshold requirement and of first consideration in determining the propriety of declining jurisdiction under the doctrine in a particular case. It is argued by plaintiffs that this criterion was not met because Harry B. Smargon was not a resident of Kentucky, would not voluntarily submit to its jurisdiction, and was not subject to its jurisdiction under the Kentucky long-arm statute (Ky. Rev. Stat. Ann. § 454.210 (1968)). However, assuming the inability of plaintiffs to obtain jurisdiction over Harry B. Smargon in Kentucky, we do not feel that this would preclude the application of *forum non conveniens* in the instant case. Our conclusion is premised upon the character of the instant action and the nature of the relief sought which demonstrates that Harry B. Smargon is not a necessary or indispensable party to the maintenance of the plaintiffs' suit in either Illinois or Kentucky. It is a principle of equity, in Illinois as well

as in Kentucky, that all persons who are legally or beneficially interested in the subject matter of a litigation and who may be affected by its disposition must be joined as parties. (*Oglesby v. Springfield Marine Bank* (1944), 385 Ill. 414, 52 N.E.2d 1000; *Tolliver v. Pittsburgh-Consolidation Coal Co.* (Ky. App. 1956), 290 S.W. 2d 471, overruled on other grounds in *Kentland-Elkhorn Coal Co. v. Charles* (Ky. App. 1974), 514 S.W.2d 659.) To be a necessary or indispensable party the interest of an individual must be a present substantial interest as opposed to a mere expectancy or future contingency; the quality of that interest is to be determined from the issues of the particular case as formulated by the pleadings and the evidence. In *Liberty National Bank v. Newberry* (1955), 6 Ill.App.2d 252, 255, 256, 127 N.E.2d 269, this court held that an injunction which restrained defendants from interfering with, decreasing or discontinuing to furnish heat for certain premises under a contractual claim, while negative in form, was really a mandatory injunction.

■■ Here, the plaintiffs seek equitable relief to compel strict compliance with the terms of the franchise agreement, including the holding times for unsold food products prescribed and hereafter prescribed by plaintiffs. The preliminary injunction entered by consent, although negative in form, as well as the further relief requested in the plaintiffs' complaint, seek to command the performance of certain positive acts. The relief sought requires the extraordinary remedy provided by a mandatory injunction (21 Ill. L.&Pr. *Injunctions* § 3, at 521 (1956)). The positive acts for the most part are to be performed in the State of Kentucky. There is no dispute that defendant Samuel D. Smargon and Snograms, Inc., are subject to the jurisdiction of the Kentucky courts. An injunction entered there even solely against defendant Snograms, Inc., would effectively serve to enjoin violations at the Kentucky restaurant of the franchise agreement and of the prescribed holding times by all officers, employees, agents and servants of the corporate defendant. This would include both Samuel D. Smargon and its president, Harry B. Smargon. The absence of Harry B. Smargon as a named defendant, notwithstanding his interest as president and as stockholder of Snograms, Inc., does not prevent a Kentucky court from effectively affording plaintiffs the full measure of injunctive relief sought by the complaint. We hold that any alleged inability of plaintiffs to obtain jurisdiction over Harry B. Smargon as a defendant in Kentucky does not negate the existence of that state as a viable alternative forum for the purpose of applying the doctrine of *forum non conveniens* herein.

Plaintiffs next contend that defendants Samuel D. Smargon and Snograms, Inc., did not meet the requisite burden of demonstrating the

inconvenience of the forum selected by plaintiffs. It is asserted that the relevant factors governing the application of the doctrine were not so strongly in defendants' favor as to overcome plaintiffs' legitimate choice of forums.

■■■ The doctrine of *forum non conveniens* empowers a trial court to decline to exercise its jurisdiction over the parties and the subject matter of the litigation whenever, because of varying factors, it appears that the action can be more suitably or conveniently tried elsewhere. (*Whitney v. Madden* (1948), 400 Ill. 185, 79 N.E.2d 593.) The determination of whether these varying factors exist in a sufficient degree to warrant the application of the doctrine is left to the sound discretion of the trial court, and that determination will not be set aside upon review unless an abuse of discretion is clearly shown. (*Fender v. St. Louis Southwestern Ry. Co.* (1971), 49 Ill.2d 1, 273 N.E.2d 353; *Sears, Roebuck & Co. v. Continental Insurance Co.* (1972), 9 Ill.App.3d 287, 289, 292 N.E.2d 75.) In *Sears*, the court summarized the more widely recognized factors which have been considered relevant to a determination of whether the doctrine should be applied in a particular case:

> "Numerous factors have been cited as relevant to determining whether to exercise the doctrine. They include factors relating to the 'practical problems that make trial of a case easy, expeditious and inexpensive' such as the relative ease of access to sources of proof, availability of compulsory process to procure attendance of unwilling witnesses, the cost of obtaining attendance of willing witnesses and 'the possibility of a view.' Also relevant is the enforceability of a judgment in a foreign jurisdiction if one is obtained in the forum court. Pertinent factors of public interest are the congestion of litigation in the forum court, the interest in having local controversies decided at home and the advantage of having a court familiar with the law to be applied, apply that law. (*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 509; see *Whitney* at 189, (as narrowed by *People ex rel. C. & O. Ry. Co. v. Donovan*, 30 Ill.2d 178, 180, 195 N.E.2d 634).) But it was stated in *Gulf Oil* at 508 that 'unless the balance [of factors relating to the inconvenience of trying the case in the forum court] is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'"

In the instant case, we believe the question of enforceability of judgment to be the paramount factor in supporting the dismissal of plaintiffs' complaint by the trial court. In essence, plaintiffs' complaint sought to compel the performance of certain acts outside the territorial jurisdiction of Illinois through the vehicle of a mandatory injunction. The inherent im-

practicality which would arise in supervising the defendants' compliance with the terms of such an injunction is obvious. Moreover, assuring enforcement of the injunction, when all of the operating personnel involved are located outside of Illinois, would be difficult at best. The relief sought by plaintiffs' complaint runs contrary to the rule that if a judgment in the forum state is difficult or impractical of enforcement in the jurisdiction wherein the ultimate relief is to be realized, the use of the local forum should be denied in the interest of practical justice. (*Whitney v. Madden; Cady v. Hartford Fire Insurance Co.* (1965), 56 Ill.App.2d 429, 206 N.E. 2d 535.) The dignity of the court requires that it be permitted to avoid embarrassment by declining to be placed in a position of entering an injunctive order which it is incapable of adequately enforcing. We hold that the difficulties of enforcing the relief prayed was sufficient in itself to justify a dismissal of plaintiffs' complaint under the doctrine of *forum non conveniens* and that the trial court did not abuse its discretion in so doing.

■■ Plaintiffs finally contend that the right of the moving defendants to assert the doctrine was waived by their delay and by their submission to and reliance upon the jurisdiction of the forum selected by plaintiffs. Plaintiffs argue that a motion under the doctrine should be treated for purposes of waiver as analogous to the failure to object to improper venue under section 8(2) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 8(2)). We disagree. In *Farah v. Farah* (1975), 25 Ill.App.3d 481, 494, 323 N.E.2d 361, it was stated that a motion invoking the doctrine of *forum non conveniens* must be raised by preliminary motion before trial has begun. Here, the cause had not proceeded to a trial. Although the parties conducted preliminary discovery by depositions and interrogatories, the only prior proceeding had before the court in the instant case had been the entry of a preliminary injunction by agreement of the parties. The decision of a trial court that a preliminary injunction should be issued does not constitute a substantive ruling upon the merits of a complaint. (*Duval v. Severson* (1973), 15 Ill.App.3d 634, 304 N.E.2d 747; *Paddington Corp. v. Foremost Sales Promotions, Inc.* (1973), 13 Ill.App. 3d 170, 300 N.E.2d 484.) Furthermore, plaintiffs' attempt to construe the doctrine of *forum non conveniens* as analogous to a waiver of objections of improper venue ignores the very nature of the doctrine. Before a defendant can decide whether a motion under the doctrine will lie, an investigation into the specifics of the plaintiffs' complaint through discovery procedures must usually be undertaken. Yet, under Supreme Court Rule 201(d) no discovery can be initiated prior to the time that all defendants appear or are required to appear except by leave of court. (Ill. Rev. Stat. 1973, ch. 110A, par. 201(d).) We hold that the motion to dis-

miss plaintiffs' complaint under the doctrine of *forum non conveniens* was timely made. For the reasons stated, the order dismissing the complaint is affirmed.

Affirmed.

McGLOON, P. J., and DEMPSEY, J., concur.